## LEDBETTER v. THE STATE OF ALABAMA, EX REL.

1. The county court is invested with power to remove its clerk for misbeha-vior, after trial for and conviction of any of the acts of omission or com-mission specified in the act, and under it, may try and convict its own clerk.
2. A conviction for misbehavior is free from error when it appears sufficient charges in writing were exhibited, and found by a jury, after notice to the clerk, by serving a copy of the charges, and allowing him to make de-fence.
3. In proceeding under the act, the particular charge of misbehavior must be stated and proved. Intoxication of the clerk, when discharging the func-tions of his office, is a gross neglect of duty, but evidence of intoxication at other times, or of the habit, cannot be admitted, in proof of a specific charge.

Writ of error to the County Court of Barbour.

INFORMATION by the State at the relation of L. S. Cato and E. C. Bullock, against Ledbetter, as clerk of the county court of said county, for failing and neglecting to perform the du-ties of his office. The charges consist of eight specifications, which may be thus briefly stated : 1. In failing to keep in regular files the papers belonging to his office. 2. With having failed, since August, 1842, to make up and enter in

31

well bound books, a full and complete record of all the pro-
ceedings in the suits in said court, within three months after
their final determination.    3. A similar neglect with regard
to the records of the court when sitting as the orphans' court,
since the 1st of January, 1843.    4. With neglecting and re-
fusing, since the year 1843, to render, on or before the first
Monday of November, of each year, a report, on oath, in wri-
ting, of all the licenses granted by the county court, together
with the licenses that he issued to hawkers and pedlars, from
which revenue has accrued to the county, and with failing
to record marriage licenses since June, 1844.    5. For refus-
ing to pay over to the county treasurer the monies collected
by him in said county.    6. For failing to account for and
pay over the 85 per cent. county tax levied on the amount of
the State tax for the year 1843-4.    7. For neglecting to pro-
vide and keep indexes to the books of record pertaining to
his office.    8. For being incompetent by reason of intem-
perance, and with having from that cause failed, since August
term, 1842, to make final record of the suits disposed of in
said court, since that time, and with having from that cause
failed to discharge any of the duties of his office as required
by law, and particularly that at the last term of the court he
failed to make up and keep the minutes of each day of the
term.

The defendant was served, as recited in the judgment en-
try, with a copy of the charges, and allowed to defend the
same ; he appeared at the trial by attorney, and issues having
been formed on all the specifications, they were submitted to
a jury, who returned a verdict finding the defendant guilty
of—1. Not keeping a regular file of all the papers in his of-
fice.    2. Of not keeping up the records of his office from the
August term of said court for the year 1842, until the time
of trial.    3, Of not keeping up the records of the orphans'
court of said county, from January, 1844, until the time of
trial.    4. That the said Ledbetter, as clerk as aforesaid, is
not competent of discharging the duties of clerk of the coun-
ty court of said county, in consequence of intemperance.
Whereupon it was ordered by the court, that the defendant
be removed from office, &c.

At the trial, the prosecution was allowed by the court to

give evidence of the defendant's neglect of duty in sundry matters not particularly specified in the charges preferred.

For the purpose of showing the defendant's default in the particular specifications, the prosecution was allowed to prove the defendant's general habits of intemperence, and his general incompetence to discharge the duties of his office, by reason of such intemperance.

The defendant excepted to this admission of evidence, and prayed an appeal to the supreme court, which was allowed. He now assigns as error—

1. The matters excepted to at the trial.

2. The county judge had no jurisdiction to render the judgment.

3. That the judgment is irregular.

BUFORD and J. G. SHORTER, for the appellant.

JAMES E. BELSER, for the relators, insisted that evidence of neglect generally, was proper under the 8th specification; the evidence was of matters not *particularly* specified, thus indicating the court considered it as covered by the *general* charge. As to the other questions made, the act determines them all. [Dig. 145, §§ 13, 14.]

GOLDTHWAITE, J.—1. The act of 1819 provides, that if any clerk of any court in this State, shall be guilty of certain acts of omission or commission therein enumerated, he shall be subject to a fine of $200, or removal from office. One of the sections prescribes that the charges shall be exhibited in writing, and the court shall direct the facts to be tried by a jury, and on conviction thereof such clerk shall be fined or removed from office *as the court of which he is clerk* shall think proper; *provided,* that every clerk against whom charges may be exhibited, shall be entitled to a copy thereof, and shall be permitted to make his defence on trial. [Dig. 146, § 14.] Under this act, we consider it clear the county court is invested with the power to remove its own clerk, whenever it is ascertained, in the manner directed by the statute, that he has been guilty of misbehavior in office.

2. In the form and manner of conviction, we are unable

to perceive any substantial error. The charges are in writing, and in some, if not in all, of the specifications, neglect of duties is alledged, which by the act is declared ground for removal. It also appears the defendant was served with a copy of the charges, and was allowed to make his defence at the trial. The jury have also, by their verdict, ascertained the particular charges of which he is guilty. We think this is sufficiently precise and certain to warrant the court in proceeding to judgment, if no error was committed in putting the evidence to the jury.

3. But in this particular it seems the prosecution was allowed to give evidence of the defendant's neglect of duty in sundry matters not particularly specified in the charges preferred ; also to prove the defendant's *general* habits of intemperance, and his general incompetency, by reason thereof, to prove the *particular* specifications.

We entertain no doubt that it is gross neglect of duty for a clerk to be intoxicated when discharging the functions of his office, and it would seem to be equally so to be habitually intemperate, as one of such habits could not properly discharge the necessary duties ; but however this may be, we think the charge in all cases should be sufficiently certain and explicit to indicate to the accused the precise offence with which he is charged, with the necessary specifications of time and place, when these are essential to designate the particular act. In the present case, the specifications of the offence are sufficiently certain, but the prosecution, instead of proving them, was allowed to go into matters not specified. We cannot undertake to say this has not prejudiced the defendant, although the verdict is a special one. The reason why irrelevant evidence is a ground for setting aside a judgment is, that it may have entered into the verdict, by causing a prejudice against the party.

For the error in this particular, we think the judgment must be reversed, and the cause remanded.