# State, *ex rel*. Leslie, *et al*. *v*. Bracken, *et al*.

*Quo Warranto.*

(Decided Feb. 5, 1908. 45 South. 841.)

1. *Statute; Subject and Title of Act; Constitutional Requirements.* —The act of Aug. 9, 1907, (Local Acts 1907, p. 860) is not violative of section 45, Constitution 1901, with the exception that the changing of the term of office of road overseer is not included in the title, and is not changed by said act.

2. *Same; Mistakes in Wording; Construction.*—Where the other provisions of the act or the legislative journals furnish the means of correcting apparent mistakes in the wording of the statute, such mistakes will be considered as corrected if the intention of the legislature is clearly manifested; but the court will not change the wording of a statute to effectuate a supposed intent which cannot be gathered from the act or from the legislative journals.

3. *Same.*—The act of Aug. 9, 1907, (Local Acts 1907, p. 860) is inoperative for the reason that it does not appear in the act itself or in the legislative journal, whether the intention of the legislature was to substitute beat 5 for beat 3 in the first or in the second district, thus leaving the districting provisions in confusion, and the court cannot say whether the legislature would have passed that act without this districting feature.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Information by the state, on the relation of George Leslie and others, against Y. L. Brackin and others, to test title to a public office. Judgment for respondents, and relators appeal. Reversed and rendered.

[State, ex rel. Leslie, et al. v. Bracken, et al.]

The act approved August 9, 1907 (Loc. Acts 1907, p. 860), referred to in the opinion, is entitled "An act to establish a board of revenue for Houston county."

R. D. CRAWFORD, and JOHN V. SMITH, for appellant. The defendants have filled and each admit that they claim the office of member of the board of revenue under and by virtue of Local Act 3, Aug. 9 1907, hence, quo warranto is the proper remedy, and the only question to be determined is, whether the act is violative of the Constitution.—*Little v. The State,* 130 Ala. 154; *Johnson v. The State,* 132 Ala. 43; *State ex rel. Robertson v. Mc-Gory,* 118 Ala. 159; *Montgomery v. The State, ex rel.,* 107 Ala. 372. The insistence is that it is violative of section 45 of the Constituton.—*Ballantyne v. Wickersham.* 75 Ala. 533; *Ellsberry v. The State,* 83 Ala. 64; *Stewart v. Board of Commissioners,* 82 Ala. 209; *Bradley v. The State,* 99 Ala. 177; *Randolph v. Builders, etc.,* 106 Ala. 501.

ESPY & FARMER, for appellee. The act in question does not violate section 45 of the Constitution.—*Ex parte Pollard,* 40 Ala. 98; *Ballantyne v. Wickersham,* 75 Ala. 533; *State v. Harrub,* 95 Ala. 177; *State ex rel v. Rodgers,* 107 Ala. 444; *Ex parte Mayor of Birmingham,* 116 Ala. 186; *State ex rel. Sayre,* 118 Ala. 35; *City Council of Montgomery c. Birdsong,* 125 Ala. 647; *Shepherd v. Dowdell,* 127 Ala. 1. The omission of beat No. 5 is clearly a clerical error.—*Harper v. The State,* 109 Ala. 29; *Hopper v. Birchfield,* 115 Ala. 232; *Ex parte Black,* 104 Ala. 1.

SIMPSON, J.—The information in this case was filed by the appellants, alleging that appellees are wrongfully holding and exercising the office of members of the board of revenue of Houston county, and praying that

they be excluded from the office which they are severally usurping as members of the said board of revenue of Houston county. The respondents answered, setting up the act of the Legislature approved August 9, 1907 (Loc. Acts 1907, p. 860). The relators demurred to the answer, claiming that the act is unconstitutional and inoperative, on various grounds, which demurrer was overruled. The court then proceeded to render judgment dismissing the information.

It is claimed, first, that said act is violative of section 45 of the Constitution, providing that "each law shall contain but one subject, which shall be clearly expressed in the title." The term "board of revenue" has a distinct meaning in our legislative history, from the fact that for many years there have existed in various counties of the state such boards as a substitute for courts of county commissioners, with like powers and duties. This is further shown from the fact that our general statutes provide for the election of the members of "boards of revenue and county commissioners," and such boards are mentioned in various other statutes. Our decisions have settled the point that "the title of the bill may be very general; * * * that it is sufficient if the matters therein are all referable and cognate to the subject expressed; and, when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it."—*Ballentyne v. Wickersham*, 75 Ala. 533; *Ex parte Pollard*, 40 Ala. 98, 99; *State v. Harrub*, 95 Ala. 177, 10 South. 752, 15 L. R. A. 761, 36 Am. St. Rep. 195; *State ex rel., etc., v. Rogers*, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; *Ex parte, Mayor of Birmingham*, 116 Ala. 186, 22 South. 454; *State ex rel. Winter v. Sayre*, 118 Ala. 35,

24 South. 89; *City Council of Montgomery v. Birdsong,*
126 Ala. 647, 28 South. 522; *Sheppard v. Dowling,* 127
Ala. 1, 28 South. 791, 85 Am. St. Rep. 68.   The establish-
ment of the board of revenue would carry with it the
qualification of its members, their term of office, the
mode and time of their election, the jurisdiction and
powers of the board, and the conferring upon it of the
powers of the court of county commissioners, from which
would also follow the abolition of that court, which our
legislative history has shown to be the object and pur-
pose of establishing boards of revenue.   Without reiter-
ating the various expressions of our many decisions on
the subject, we hold that this act is not violative of said
section 45, except that the subject of changing the term
of office of road overseers is not included in the title, and
their term would remain four years, as provided by sec-
tion 2454 of the Code of 1896.

The act in question divides the county of Houston into
five revenue districts, appoints certain persons, therein
named, as members of said revenue board, naming one
for each district, and provides for elections in the future,
and that "each member of said board of revenue must
be a bona fide resident of the district from which he is
elected."   The act provides that district No. 1 shall em-
brace beats 1, 2, 3, and 4; district No. 2, beat 3; district
No. 3, beats 7, 8, 10 and 14; district No. 4, beats 6, 11,
and 12; and district No. 5 beats 9 and 13.   It will be ob-
served that beat 3 is repeated, being in both districts No.
1 and No. 2, and that beat 5 is not included in either dis-
trict.   The appellees contend that this is a clerical mis-
take, which is self-correcting.   It is true that apparent
mistakes will be considered as corrected, where the other
provisions of the act or the journals of the Legislature
furnish the means of correcting the same, so that the in-
tention of the Legislature is clearly manifest.   In the

case of *Harper v. State,* 109 Ala. 28, 19 South. 857,. the title of the act was "To amend an act for the trial of misdemeanors in Shelby county, approved February 12, 1891" (Acts 1890-91, p. 580), "whereas the first section of said act * * * purports to amend an act approved February 21, 1893" (Acts 1892-93, p. 826). The court held that the description of the act which was to be amended showed that the act of 1891 was the one which was intended to be amended, and consequently the mistake was self-correcting. In the case of *Hooper & Nolen v. Birchfield et al.,* 115 Ala. 226, 22 South. 68, the word "plaintiff" was used where it was evident that "defendant" was intended, as the subject-matter was the the pleas which might be interposed in certain cases, and the court properly held that the mistake was self-correcting. These and numerous other cases which might be cited show that the intent, contrary to the wording of the statute, must be shown by the other provisions of the statute, and the court is not at liberty to change the wording of the statute, so as to effectuate a supposed intent which cannot be gathered from the act itself, or from the journals of the Legislature.—2 Lewis' Sutherland, Statutory Constr. §§ 388, 411. If, under these rules, the statute is unintelligble, it must remain inoperative.—*Drake et al. v. Drake et al.,* 4 Dev. (N. C.) 110, 115, 116; *State v. Partlow,* 91 N. C. 550, 49 Am. Rep. 652.

By reference to the journals of the House and Senate, we find that, as first introduced, the bill provided for beat 5 in one of the districts, which shows that there is a beat 5 in the county if, indeed, the fact that all of the other beats run in regular numerals does not show it. When the act was amended in the Senate, beat 5 was omitted, and beat 3 appeared twice, as before mentioned. There is nothing in the act or in the journals to show

what was the legislative intent. It may be stated that we could reasonably say that the Legislature did not intend to have beat 3 in two districts; but, admitting that, we are still left in unsolvable doubt as to whether the intention was to substitute 5 for 3 in the first or in the second district. It is not supposable that the intention was to leave beat 5 entirely out, so that it could have no representation on the board of revenue. It results that the provisions of this act for dividing the county into districts is in inextricable confusion and cannot be operative. That being the case, it is impossible for this court to say whether the Legislature would have passed the act without the districting feature, which seems to be an important feature of the act. Consequently the act cannot become operative.

The judgment of the court is reversed, and a judgment will be here rendered granting the relief prayed in the information.

Reversed and rendered.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.