### STATE ex rel. WILLIAMS v. OWENS.
### (7 Div. 818.)

Supreme Court of Alabama.    June 7, 1928.

**1. Quo warranto ⊗3—President of city council can be removed from office for misdemeanor only by impeachment, not by quo warranto (Const. 1901, §§ 173, 175; Code 1923, §§ 1891, 4497–4521, 9932, subd. 2).**

President of city council can be adjudged guilty of misdemeanor within Code 1923, § 1891, and removed from office only by impeachment in conformity with Const. 1901, § 175, making causes of impeachment specified in section 173 applicable to city officials, and Code 1923, §§ 4497–4521, not by quo warranto under section 9932, subd. 2.

**2. Quo warranto ⊗57—Whether impeachment of city officer is exclusive or constitutional, remedy need not be decided, where information in quo warranto states no cause for removal thereby (Code 1923, §§ 1889, 1890, 9932, subd. 2; Const. 1901, § 175).**

Whether removal of president of city council from office by impeachment under Code 1923, §§ 1889, 1890, was intended as cumulative or exclusive remedy, or meets requirements of Const. 1901, § 175 that such officer be impeached by court with right of trial by jury and appeal need not be decided in quo warranto proceedings under Code 1923, § 9932, subd. 2, where information fails to state cause for removal by quo warranto.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Quo warranto by the State, on the relation of Martin J. Williams, against Evan J. Owens. Judgment of nonsuit, and relator appeals. Affirmed.

Alto V. Lee and J. M. Miller, both of Gadsden, for appellant.

The president of a city council may be removed in an action in the nature of quo warranto, when he has been guilty of misbehavior in office. Code 1923, §§ 1909, 1910, 1891, 9932; Ledbetter v. State, 10 Ala. 241; State ex rel. v. Roberts, 203 Ala. 325, 83 So. 49; State ex rel. v. Justice, 200 Ala. 483, 76 So. 425; Harrington v. State ex rel., 200 Ala. 480, 76 So. 422; State ex rel. v. Duncan, 162 Ala. 196,

50 So. 265; Little v. Foster, 130 Ala. 156, 30 So. 477; State ex rel. v. Dillard, 196 Ala. 546, 72 So. 56.

O. R. Hood, of Gadsden, for appellee.

Quo warranto will not lie when a full and adequate remedy has been provided, as here, by Code, §§ 1889, 1890. State ex rel. v. Gardiner, 43 Ala. 234; Echols v. State ex rel., 56 Ala. 131; Leigh v. State ex rel., 69 Ala. 261; 32 Cyc. 1416.

ANDERSON, C. J.   While counsel have perhaps indulged in unnecessary pleading, the question presented by this record, when boiled down to a final analysis, is whether or not quo warranto will lie to oust the respondent from the office of president of the city council of Gadsden. Relator contends that the information states a charge which is not only declared to be a misdemeanor by section 1891 of the Code of 1923, but which also provides that it shall vacate the office, and that subdivision 2 of section 9932 of the Code of 1923 provides for the removal by quo warranto of any officer who "has done or suffered any act, by which, under the law, he forfeits his office."

Section 173 of the Constitution of 1901 deals with the impeachment of certain officers, and prescribes the causes or grounds, and section 175 makes the causes specified in section 173 applicable to other officials not dealt with in the two preceeding sections, and the officials so dealt with in section 175 include "mayors, intendants, and all other officers of incorporated cities and towns in this state." Said section also provides that they may be removed for the causes specified in section 173 "by the circuit or other courts of like jurisdiction or a criminal court of the county in which such officers hold their office, under such regulations as may be prescribed by law; provided, that the right of trial by jury and appeal in such cases shall be secured."

Chapter 159 of volume 2 of the Code of 1923 deals with impeachments, and prescribes the regulations as authorized by the Constitution.

[1] This court has expressly held that officers of this character are within the protection of section 175 of the Constitution, and cannot be removed from office during the term for which he is elected, except by the method and in the manner and for the causes fixed by the provisions of said section of the Constitution. Williams v. Schwarz, 197 Ala. 40, 72 So. 330, Ann. Cas. 1918D, 869; Nolens Case, 118 Ala. 154, 24 So. 251; Franklin County v. Richardson, 202 Ala. 46, 79 So. 384; Petree v. McMurray, 210 Ala. 639, 98 So. 782.

The Legislature no doubt had the authority to make the conduct there set forth in section 1891 of the Code a misdemeanor, or per-

haps to make it corruption in office, but in order for the accused to be so adjudged and removed from office, it must be in conformity with section 175 of the Constitution and chapter 159 of the Code, and not by quo warranto.

The case of Stone v. State ex rel. Freeland, 213 Ala. 130, 104 So. 894, is unlike the case in hand. There the court applied section 60 of the Constitution, and which was considered in pari materia with the constitutional provisions on impeachment and the relator had been adjudicated a felon by a court of competent jurisdiction.

The recent case of State v. Harrison (Ala. Sup.) 114 So. 905,[1] is also unlike the present case. There the question arose as to the eligibility of the incumbent to take and hold the office, and did not involve misconduct or malfeasance as a cause for removal as dealt with in the Constitution as we have here.

It is sufficient to suggest that the case of Ledbetter v. State, 10 Ala. 241, arose years before the present Constitution or the one of 1875.

[2] It is suggested by appellee's counsel that the relator is not entitled to the writ of quo warranto because sections 1889–1890 of the Code of 1923 afford an adequate remedy for removal by impeachment by the city council. Whether this was intended as cumulative or exclusive, we need not decide, or whether or not such a provision meets the requirements of section 175 of the Constitution that such officer must be impeached by a court as there defined with right of trial by jury and appeal we need not now decide, as we hold, regardless of said sections 1889–1890, the information, before and after amendment, failed to state a cause for the removal by quo warranto, and the ruling of the trial court was free from reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.

