152 So. 457

BRIDGES v. McWILLIAMS, Chairman of Democratic Executive Committee, et al.

8 Div. 570.

Supreme Court of Alabama.

Jan. 25, 1934.

136

Fred Wall, of Athens, for appellant.

W. Van Gilbert, of Athens, for appellees.

BROWN, Justice.

The sole question presented by this appeal is the constitutionality of the local act "Passed over Governor's Veto," entitled "An Act To abolish the offices of tax assessor and tax collector for Limestone County, Alabama, and to create and establish in lieu thereof, the office of tax assessor-collector for Limestone County, Alabama; to provide when said offices of tax assessor and tax collector shall be abolished, and when said office of tax assessor-collector shall be established and become effective; to provide when said tax assessor-collector shall be elected and to prescribe his term of office, authority, powers and duties; to provide for appointment of a deputy, for his authority and duties, and for the employment of a clerk to assist said tax assessor-collector and for their compensation; to provide that said tax assessor-collector shall be paid a salary in lieu of all other compensation for performing the duties of said office, the amount thereof and the manner in which the same shall be paid; to provide that said deputy shall be paid a salary for performing the duties of his office, the amount thereof and the manner in which the same shall be paid;

to provide for the employment of one clerk by said tax assessor-collector, the amount of money that he may expend therefor, and the manner in which they shall be paid; to designate and set aside all fees, percentage, commissions and other allowances and compensations which are now or may hereafter be provided for by law and collected thereunder and paid, as fees, percentages, commissions and other allowances or compensations to the tax assessor and/or to the tax collector of Limestone County, Alabama, or which may hereafter be provided for by law and collected for such purpose or purposes, as a special fund to be collected by said tax assessor-collector and paid by him into the treasury of Limestone County, Alabama; to provide that out of such special fund the salary of such tax assessor-collector, the salaries of said deputy and the compensation of said clerk be paid; to provide for the manner and to what purpose any excess of said special fund, over and above such salaries and compensations, may be expended; and to provide for the repeal of all laws, local, special and general, in conflict herewith." Loc. Acts 1931, pp. 132–135.

The appellant, a bona fide resident of Limestone county, qualified to hold the office of tax assessor of said county, tendered a statement in writing under oath, declaring his candidacy for such office in the primary election to be held May 1, 1934, to the appellee, as chairman of the Democratic executive committee, in compliance with primary election laws and the rules and regulations adopted for such primary, and said chairman refused to accept and file the same on the sole ground·that the office for which appellant sought to qualify as a candidate was abolished by said act, "effective at midnight on September 13, 1935."

By his petition for the writ of mandamus, the appellant challenges the constitutionality of said act.

The first section of the act abolishes the offices of tax assessor and tax collector of Limestone county, and in lieu thereof establishes the office of "Tax Assessor-Collector for Limestone County."

Section 2 provides for the election of "said Tax Assessor-Collector" at the general election in 1934.

Section 3 authorizes and requires that the "Tax Assessor-Collector shall appoint as assistant one deputy, whose duty it shall be to assist him in the performance of the duties of the office, and render such service and do such work in said office as may be required of him, by said Tax Assessor-Collector," and gives the tax assessor-collector the power "to appoint and discharge such deputies at his discretion and at any time or times during his term of office."

Section 4 authorizes the "Tax Assessor-Collector" to employ "an extra clerk for such

time as he may deem necessary during his term of office as assistant in performing the work and duties in said office, subject to the limitation of funds therefor hereinafter provided for, such clerk to receive such salary as said Tax Assessor-Collector may agree to pay such clerk, not to exceed, however, five hundred dollars per annum."

Section 5 provides that all fees, percentages, and commissions allowed by the general law of the state to the tax assessor and tax collector shall be collected by the "Tax Assessor-Collector," and paid into the county treasury, and sets the same aside as a special fund.

Section 6 fixes the salary of the "Tax Assessor-Collector" and the salary of the deputy, and provides for their payment in monthly installments out of said "special fund."

Section 7 confers on the "Tax Assessor-Collector * * * all the jurisdiction, rights, authority and powers," and requires him to perform all the duties and services "which are now, or which may hereafter be vested in or put upon Tax Collectors and Tax Assessors in Alabama by the general laws of Alabama."

Section 8 makes the "Tax Assessor-Collector" a member of the board of review in and for Limestone county, with "the same authority, powers and duties as are now, or which may hereafter *be exercised* and performed by Tax Assessors in Alabama as members of such boards." (Italics supplied.)

Section 9 provides: "All assessments and collections of taxes by said Tax Assessor-Collector in Limestone County shall be made at his office in the Court House in Athens, Alabama and it shall not be the duty of said officer to visit any beat or precinct in Limestone County and there make assessments or collection of taxes."

One contention is that the act violates section 104, subsec. (15), of the Constitution of 1901, which provides: "The legislature shall not pass a special, private, or local law in any of the following cases: * * * (15) Regulating either the assessment or collection of taxes" (with exceptions not here pertinent).

"Sec. 104. * * * The legislature shall pass general laws for the cases enumerated in this section," except local laws regulating or prohibiting the liquor traffic.

The dominating purpose of section 104 of the Constitution was to destroy the practice of "legislative courtesy" in the enactment of legislation on the subjects specifically enumerated therein, and to compel the enactment of general laws covering these subjects, providing a uniform system applicable to the state as a whole, in respect to the agencies provided for the assessment and collection of taxes.

There is no escape from the conclusion that the act in question undertakes to regulate the assessments and collection of taxes in Limestone county, and sets up entirely different "machinery" therefor from that provided in all other counties in the state by the general law, and violates, both in letter and spirit, the quoted provisions of the Constitution. State ex rel. Day et al. v. Bowles et al., 217 Ala. 458, 116 So. 662; Standard Oil Co. of Kentucky v. Limestone County, 220 Ala. 231, 124 So. 523.

The judgment of the circuit court is not in accordance with this view, and the judgment appealed from is reversed, and a judgment is here rendered granting the peremptory writ of mandamus as prayed in the petition.

Reversed and rendered.

All the Justices concur.