157 So. 865

## OWENS v. CITY COUNCIL OF TROY.

4 Div. 780.

Supreme Court of Alabama.

Dec. 6, 1934.

─────────────────────────────

@─►For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

440

Grant & Orme, of Troy, for appellant.

Wilkerson & Brannen, of Troy, for appellee.

GARDNER, Justice.

The appeal is from the judgment denying a petition for a common-law writ of certiorari, wherein petitioner seeks to quash proceedings of the city council of Troy removing him from the office of president of said city council.

That petitioner, A. R. Owens, was duly elected and inducted into the office of president of the city council of Troy (a city having a population in excess of six thousand) in October, 1932, with a term fixed by statute at four years (section 1757, Code 1923), is not a matter of controversy. Nor is it questioned that the impeachment proceedings instituted against him by the city council in June, 1934, followed in all substantial respects the provisions therefor found in section 1890 of the Code of 1923.

But it is insisted this statute is void as in contravention to section 175 of the Constitution of this state guaranteeing to this petitioner, as an officer of the city of Troy, the right of trial by jury in impeachment proceedings against him. The point is well taken. Our decisions are to the effect that as this section of our Constitution makes provision for the impeachment of the officers designated therein, with the concluding clause, "provided, that the right of trial by jury and appeal in such cases shall be secured," any legislative method of removal disregarding such guaranteed right is unconstitutional and void. Nolen v. State, 118 Ala. 154, 24 So. 251; Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211; Williams v. Schwarz, 197 Ala. 40, 72 So. 330, Ann. Cas. 1918D, 869; Petree v. McMurray, 210 Ala. 639, 98 So. 782; Hughes v. Stephens, 219 Ala. 134, 121 So. 397; Bradford v. State, 226 Ala. 342, 147 So. 182, 183; State ex rel. Williams v. Owens, 217 Ala. 668, 117 So. 298.

True the office of president of a city council is not designated by name in section 175, Constitution; the pertinent language in this regard being, "mayors, intendants, and all other officers of incorporated cities and towns in this state." But our authorities have considered the general designation "all other offi-

cers of incorporated cities and towns" as sufficient without specific reference to the office. Illustrative is the comparatively recent case of Bradford v. State, supra, where the city attorney was held to be an officer of the city with a fixed term, and within the protective influence of section 175 of our Constitution; the court saying: "Whether or not the Legislature has prescribed a method for the impeachment of officers of incorporated cities other than mayor and intendant, as provided by section 175 of the Constitution, matters not, for this relator. was an officer of an incorporated city and was removable under said section 175 of ' the Constitution and * * * could not be removed in any other way." And in Hughes v. Stephens, supra, the holding was that "town aldermen," whose term of office was fixed at two· years, were within the protection of this constitutional provision. Likewise as to city commissioners in Williams v. Schwarz, supra.

The case of State ex rel. Williams v. Owens, 217 Ala. 668, 17 So. 298, concerned, as here, the president of the city council, and a close analysis of that decision will disclose that the holding is much in point, and clearly indicates the court's conclusion that such an officer is removable only in the mode prescribed by section 175 of the Constitution.

The provisions of section 174 bear no relation to city officers, which are treated in the following section, and we find nothing in the concluding sentence of said section 174 that in any manner militates against the conclusion here reached. But we forego further discussion.

Petitioner Owens, as president of the city council, is an officer of the city within the influence of the above-noted constitutional provision (section 175), with a four-year term fixed by law, and as such is entitled to a trial by jury guaranteed him by our organic law. The mode of impeachment designated in section 1890 of the Code denies petitioner such a right, and must be held in contravention of the Constitution.

We have considered the question with due regard to our duty. to uphold rather than destroy a legislative enactment, unless convinced to the contrary beyond a reasonable doubt; but we cannot escape the conclusion that section 1890 of the Code, under which petitioner's impeachment was sought, is violative of our fundamental law, and must fall.

It results, therefore, that the petition was due to be granted, and the proceedings of the council quashed. The judgment of the court below will be reversed, and one here entered granting the prayer of the petition.

Reversed and rendered.

All the Justices concur.