166 So. 36

**STATE ex rel. McINTYRE v. McEACHERN.**

**4 Div. 861.**

Supreme Court of Alabama.

Jan. 16, 1936.

Rehearing Denied March 5, 1936.

Tompkins & Ramsey, of Dothan, for appellee.

T. E. Buntin, of Dothan, for appellant.

FOSTER, Justice.

This is a quo warranto proceeding to test the right of appellee to hold the office of "Road and Bridge Foreman" for Houston county. It is claimed that the acts of the Legislature providing for such office are unconstitutional and void, or, if valid, that he was effectually removed from it by proper action of the court of county commissioners. There are three acts which have direct application: Local Act of July 23, 1931 (Acts, p. 266); Local Act of June 27, 1935, p. 71 (H. B. No. 533); Local Act of September 13, 1935, p. 251 (H. B. No. 1013).

The act of 1931 purports to repeal certain previous acts of 1907, 1911, and 1915, not to amend them, as appellant's counsel seem to understand. The subject-matter of those acts which is carried into that of 1931 does not serve to amend them, but merely makes that act complete as respects that matter.

■ Section 7 (page 267) provides that the members of the board of revenue holding under the repealed acts shall be, and function as, the court of county commissioners under its terms. This reference to those acts, though one of them had been held invalid (State ex rel. Leslie v. Bracken, 154 Ala. 151, 45 So. 841), and though it and the others were expressly repealed, is not improper, when this is done for identification, and it does not affect the validity of the act by so doing, which is complete within itself when read in the light of such matter so identified. The fact that the acts referred to are either invalid or repealed do not militate against their use for purposes of identification. Harris v. State ex rel. Williams, 228 Ala. 100, 151 So. 858, and cases there cited.

Section 9 of the act of 1931 (page 268) creates in Houston county "the office of County Road Supervisor," fixes his qualifications, term of office, the selection of successors, and the manner of removal. Other sections prescribe his duties and compensation.

The act of June, 1935, is an amendment of that of 1931. It re-enacted section 9 by changing the name of the office to read "the office of County Road Foreman," and providing that the occupant of the office of road supervisor shall hold his office until the expiration of his term under the act before amended.

Appellee was the person who had been so designated for the term expiring, as there specified, first Monday after the second Tuesday in January, 1939.

The act of June, 1935, also amended other sections of that of 1931. Then, while appellee was acting as the county road foreman, the Legislature passed the act of September 13, 1935. That did not take the form of an amendment but an original act. It created a road and bridge department for the county and a road and bridge foreman. Section 3 provided that he shall be selected by the board of revenue of the county for four years and until his successor is elected and qualified, unless removed for cause, and that the present road foreman shall be the road and bridge foreman until his office expires on said named date, "unless sooner removed for cause." That act pertained principally to the duties, etc., of the road and bridge foreman.

Appellee continued to function as road and bridge foreman under that act, notwithstanding the court of county commissioners had, on August 31, 1935, attempted to remove him by passing a motion on that day that he be discharged as of September 1, 1935. On September 28, 1935, this petition for quo warranto was filed on the relation of one of the county commissioners. The attack on the right of appellee as shown in the demurrer to his answer and then to the replication to it is that the acts of 1931 and of June, 1935, are unconstitutional as in violation of section 45, and that on August 31, 1935, appellee had been discharged and removed as road supervisor, and one Mullins was elected in his stead. The court overruled relator's demurrer to the answer to the extent that it attacked the constitutionality of the two acts in question, and sustained appellee's demurrer to that part of the replication which set out the proceedings of the court of county commissioners undertaking to discharge him.

We note, therefore, that appellant does not attack the validity of the act of September, 1935.

Appellee did not in fact vacate the office pursuant to the attempt to discharge

him. But he continued to function as road and bridge foreman under that act, and was so doing when this proceeding was begun to oust him from it. If that act is valid and appellee is the person designated in section 3 of it as "the present county road foreman," it follows that he is not usurping the office of county road and bridge foreman created by its provisions.

■ We are not impressed with the argument that the acts of 1931 and June, 1935, violate section 45. We think the creation of the office of road supervisor is cognate to the general subject of revising the law applicable to Houston county relating to the court of county commissioners, State ex rel. Bragg v. Rogers, 107 Ala. 444, 19 So. 909, 32 L.R.A. 520; State ex rel. Leslie v. Bracken, 154 Ala. 151, 45 So. 841, and does not introduce an additional subject. There is no objection to either of them well founded upon the mere generality of the title. Harris v. State ex rel. Williams, supra; State ex rel. Leslie v. Bracken, supra.

At the time of the enactment of the act of September, 1935, appellee was discharging the duties·of the office of "County Road Foreman," but the court of county commissioners had adopted a motion discharging him, and elected another person, but the latter had not taken over the office.

■ Our judgment is that the act meant to continue in office such officer who was of right entitled to be designated the present county road foreman, since there then existed a controversy between appellee and the new appointee. If the Legislature meant to name one or the other of them, it could· have done so regardless of such controversy. But under the previous acts the term of such officer was made to expire on the first Monday after the second Tuesday in January, 1939, and the Legislature evidently meant to permit him who would be due to hold the office for that term to do so under the new act.

■ We are therefore remitted to the terms of the act of 1931 and June, 1935, to ascertain the intention of the Legislature in September, 1935, when it undertook to fill the newly created office. Both those acts provided for the term of the officer to continue until in January, 1939, "unless removed for cause." The motion adopted, which purported to remove appellee, did not specify that it was "for cause," or what cause, and did not show notice to him

with an opportunity to be heard. The commissioners' court is sometimes acting as an administrative body with special and limited powers, and sometimes it acts somewhat in a legislative capacity, and as a court of record (section 6748) in some instances, with original and unlimited jurisdiction expressly conferred ,(section 6754, Code; Kirby v. Commissioners' Court, 186 Ala. 611, 65 So. 163; Edwards v. Bibb County Board of Com'rs, 193 Ala. 554, 69 So. 449; Pitts v. Boggs, 208 Ala. 194, 93 So. 906; Browning v. St. Clair County, 195 Ala. 121, 71 So. 108), and with special and limited jurisdiction when its power is not expressly enlarged. Nothing will be presumed in favor of the jurisdiction of a court with special and ·limited powers. When general or unlimited jurisdiction is not specially conferred on the court of county commissioners, its powers are special and limited by the grant, and its proceedings must show on their face that it acted within the limits and terms of the grant. Wightman v. Karsner, 20 Ala. 446; Trammell v. Pennington, 45 Ala. 673, 687; Ex parte Selma & Gulf R. R. Co., 46 Ala. 230, 246; Lewis v. Allred, 57 Ala. 628; Moody v. Bibb, 50 Ala. 245. See, also, Eslava v. Lepretre, 21 Ala. 504, 522, 56 Am.Dec. 266.

■ In this matter, the right to remove was special and limited to. occur only for cause. In removing, the court could act only within powers limited by the grant. Its records must show that the removal was for cause. Without such recital they do not show a right to remove. It is clear that, when the right to remove is· limited to exist only for cause, whether as prescribed by the Constitution, as in section 166, or by statute, there must be cause, and the entry on the minutes must show that the court found the fact to exist. Batson v. State, 206 Ala. 317, 89 So. 500; Martin v. Martin, 173 Ala. 106, 55 So. 632.

Section 175 enumerates certain county officers who can be removed only by impeachment, and concludes by including "all other county officers." If the bridge foreman here in question is such an officer as is referred to in section 175, Constitution, he could be removed only by impeachment. Touart v. State ex rel. Callaghan, 173 Ala. 453, 56· So. 211.

Without now entering into that question, and assuming that section 175 does not apply, he could be removed only for cause

as provided by the acts of 1931 and June, 1935.

"When a statute provides for the removal of an officer for cause, it contemplates notice to the officer of the charge, and requires a tribunal of some kind to determine whether the cause for removal exists and whether such officer can be removed." Touart v. State ex rel. Callaghan, supra, 173 Ala. 453, page 466, 56 So. 211, 215; 46 Corpus Juris, 990, note 60. The Legislature prescribed that tribunal—the court of county commissioners. The finding of that tribunal may be reviewed by certiorari or mandamus (respectively when appropriate), if it is wholly "unsupported by the evidence, or is wholly dependent upon a question of law, or is seen to be clearly arbitrary, or capricious." Helms v. Ala. Pension Comm. (Ala.Sup.) 163 So. 807, 808;[1] Silberschein v. U. S., 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256; Eberlein v. U. S., 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; 46 Corpus Juris, 996, notes 57, 58 and 59, p. 996, § 177. See, also, Ala. Pub. Serv. Comm. v. L. & N. R. R. Co., 206 Ala. 326, 89 So. 524. But it cannot be collaterally impeached, when its records affirmatively show that it acted within its power, though that power be of a special and limited sort.

The record of the proceedings to remove appellee does not show that it was done for cause, and that he had reasonable notice of the charge and an opportunity to be heard. It is therefore void on its face, and, in so far as that was concerned, appellee was on September 13, 1935, "the present County Road Foreman" within its terms, both de jure and de facto.

Both acts of 1931 and of June, 1935, provide that such office shall be held by an experienced road builder who shall be a competent engineer. We think that there should have been no inquiry into the fact on this trial of whether appellee was thus qualified.

Doubt sometimes exists whether a certain condition is one which gives rise to a removal by impeachment or whether it is sufficient to sustain a quo warranto proceeding. That proceeding is only applicable, so far as we are here concerned, to oust one who "usurps, intrudes into, or unlawfully holds or exercises any public office," or does an act which "forfeits his office," section 9932, Code, and as to which

the Constitution does not otherwise provide a procedure, section 175, Constitution. It will lie to test the qualifications of one to hold an office when they are sufficient to make it unlawful for him with them to hold the office. Those qualifications must go to his eligibility to hold the office or sufficient to cause its forfeiture. State ex rel. Moore v. Blake, 225 Ala. 124, 142 So. 418; State ex rel. Coe v. Harrison, 217 Ala. 80, 114 So. 905; State ex rel. Williams v. Owens, 217 Ala. 668, 117 So. 298; Stone v. State ex rel. Freeland, 213 Ala. 130, 104 So. 894; Hughes v. Stephens, 219 Ala. 134, 121 So. 397.

This situation is distinguishable from the commission of an act which gives rise to a right to remove as by impeachment, but which does not ipso facto operate as or constitute grounds for a forfeiture of the office. 51 Corpus Juris, 320; State ex rel. Williams v. Owens, supra.

It was the duty of the county commissioners to determine whether the road foreman was an experienced road builder and competent engineer before electing and inducting him into office. Such qualifications have no definite and fixed standard for measurement. They are relative in essence. Persons often differ as to whether one is so qualified. The county commissioners pass on that when they elect one to that office. They may think he possesses the qualifications, and his later conduct in office may show that they were mistaken. But, when they elected him and inducted him into office, he was not usurping it nor holding it illegally, and had not thereby forfeited it. The possession of those qualities to a satisfactory extent was material as to whether he should be elected, and his failure to exercise them while in office was material as to whether he should be removed for cause, if they afterwards concluded that he did not exercise skill and capacity to the extent that the law contemplated, that was incompetency and cause for his removal, upon due notice and hearing. But it was not sufficient reason for ousting him on quo warranto. It did not constitute ground for the forfeiture of the office, but only for removal by impeachment in court, or by the county commissioners as provided by law, if the latter remedy should be found not to be in violation of section 175, Constitution, which is here pretermitted.

---

[1] Ante, p. 183.

614

The allegations in the answer asserting the existence of his qualifications in that respect were unnecessary and should be treated as surplusage, though there was much evidence taken on the issue, and a finding by the court for appellee. There were exceptions on the trial pertaining to that issue. They did not affect the questions we have discussed, and which we think are controlling. They need not therefore be reviewed. In accordance with our opinion, as here expressed, the court correctly held that appellee was not subject to be ousted in this proceeding, and its judgment to that effect is affirmed.

Counsel for appellant has made a motion to strike the brief of appellee because it was not filed within ten days, as provided by rule 13. It was filed within fifteen days after the submission of the cause as provided in rule 38. We intended by rule 38 that the limit of ten days in rule 13 be extended to fifteen days after the submission of the cause, but the change was not so written in preparing the Code. But we have uniformly stated from the bench such to be the intention. We now make it definite so that there may be no further misunderstanding. But a brief for appellee filed more than fifteen days after the submission will be considered at the discretion of the court. The motion to strike brief of appellee is overruled, and the cause is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

