172 So. 882

**HOUSTON COUNTY v. COVINGTON et al.**

**4 Div. 913.**

Supreme Court of Alabama.

Jan. 23, 1937.

Rehearing Denied March 18, 1937.

W. Perry Calhoun and W. L. Lee, both of Dothan, for appellant.

Halstead & Smith, of Headland, and T. E. Buntin and John W. Rish, both of Dothan, for appellees.

THOMAS, Justice.

The petition of W. F. Covington as amended, and the cross-petitions of the City of Dothan and the Town of Columbia were for declaratory judgments.

The submission for decree was upon Covington's amended petition, cross-petitions of Dothan and Columbia as amended, the answers of Houston County, Towns of Webb, Gordon, Ashford, Cottonwood, and Madrid, and the agreements and admissions of attorneys representing the various parties.

The judgment was "that the Local Act of the Legislature of the State of Alabama, passed at the Extra Session of the Legislature in April, 1936, and which said Act appears in the Local Act of the Extra Session of the Legislature of 1936 on pages 97 and 98 of said Local Acts of the Legislature of 1936, and which said Act authorized the Board of Revenue of Houston County, Alabama, to impose an excise tax of one cent per gallon on all gasoline or other motor fuels sold or delivered in Houston County, Alabama, and which said Act was approved by the Governor on the 21st day of April, 1936, and which said Act went into effect on the 1st day of May, 1936, be and the same is hereby declared unconstitutional and void and in violation of sections 45, 70 and 106 of the Constitution of the State of Alabama. * * * that aforesaid Act of the Legislature of the State of Alabama be and the same is, so far as it pertains or applies or affects the City of Dothan, Houston County, Alabama, and the Town of Columbia, Houston County, Alabama, hereby declared unconstitutional and void in that it violates subdivision 18 of section 104 of the Constitution of the State of Alabama."

The act is set out in the transcript; the publication of the bill is exhibited in aid of the original and cross-petitions, and will be considered with such pleadings as a part thereof. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

Sections 1, 4, and 5 of the act provide:

"Section 1. That the Board of Revenue of Houston County, Alabama, may for the purpose of constructing and maintaining public roads, streets, bridges and ferries in Houston County, Alabama, levy and collect a privilege tax of not more than one cent

per gallon on all gasoline, naptha, and other liquid motor fuels or any device or substitute therefor, commonly used in internal combustion engines provided, however, that nothing contained herein shall be held to apply to those products known commercially as 'kerosene oil', 'fuel oil', or 'crude oil', commonly used for lighting, heating or industrial purposes, sold or delivered in said County, for the privilege of selling or delivering same. * * *

"Section 4. After the passage and approval of this Act, it shall be unlawful for any incorporated city or town in said Houston County, Alabama, to levy or collect a privilege license or excise tax on said motor fuels, or upon the business of selling, delivering, withdrawing from storage, or keeping in storage such motor fuels, on a quantity basis provided, however, this shall not apply to the ordinary license to do business in the municipalities. All municipal privilege, excise and or license taxes on gasoline, Woco-Pep, or any other motor fuel used by self propelled vehicles now being levied or collected by any incorporated city or town in said county are hereby expressly repealed.

"Section 5. That all such privilege taxes to be levied or imposed under this Act and the money derived therefrom shall be used exclusively for the purpose of constructing and maintaining public roads, streets, bridges and ferries in said county of Houston, but the money accruing hereunder to any incorporated city or municipality may be expended as may be directed by the constituted authorities of such incorporated city or municipality." Local Acts Extra Session 1936, pp. 97, 98.

The general rules, presumptions, and authorities in support thereof have been recently stated and collected in Jefferson County v. Busby, 226 Ala. 293, 148 So. 411, and need not be again stated at this time. Ex parte Ashton, 231 Ala. 497, 499, 165 So. 773, 104 A.L.R. 54; Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256; McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304.

■ The title of the act sufficiently informed of its contents, and was not a violation of section 45 of the Constitution. Ballentyne v. Wickersham, 75 Ala. 533, 536. There was nothing in the bill that was not referable to the title. Ex parte Pollard, etc., 40 Ala. 77. The question then recurs: Has the act but one general subject that is fairly indicated in the title (Lindsay v. U. S. Savings & Loan Ass'n et al., 120 Ala. 156, 24 So. 171, 42 L.R.A. 783; Ballentyne v. Wickersham, supra), or does it contain two subjects? We will postpone a discussion of this question until other objections made to the act are considered.

■ The bill enacted is of local application, and subject to the provisions and limitations of the Constitution as to such enactments and the due notice required thereof. Sections 104, 106 Constitution; Jefferson County v. Busby, supra; Brandon v. Chambers, 229 Ala. 327, 157 So. 235; Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416; Standard Oil Co. of Ky. v. Limestone County, 220 Ala. 231, 124 So. 523; Bridges v. McWilliams, Chairman, etc., 228 Ala. 135, 152 So. 457. A question is raised as to the sufficiency of the notice given. The bill was published in extenso in all respects except as to the amendment proposed by the Governor's message to be later indicated.

■ The trial court holds that the act in question is violative of subsection 18 of section 104 of the Constitution, which provides: "The legislature shall not pass a special, private, or local law in any of the following cases: * * * (18) Amending, confirming, or extending the charter of any private or municipal corporation, or remitting the forfeiture thereof; provided, this shall not prohibit the legislature from altering or rearranging the boundaries of the city, town, or village."

The provisions of subsection 15 of section 104 of the Constitution were considered in Bridges v. McWilliams, Chairman, etc., supra, and decided in Standard Oil Co. of Ky. v. Limestone County, supra. See, also, State ex rel. Day et al. v. Bowles et al., 217 Ala. 458, 116 So. 662.

In Standard Oil Co. of Ky. v. Limestone County, 220 Ala. 231, 124 So. 523, it was held that subdivision 15 of section 104 of the Constitution prohibiting the passage of local laws did not forbid local laws authorizing privilege taxes for public road purposes under the act of 1927 (Loc.Acts 1927, pp. 135, 136) authorizing the county commission to levy taxes for the privilege of selling motor fuels. The act condemned in Bridges v. McWilliams, Chairman, etc., 228 Ala. 135, 152 So. 457, was unlike the one upheld in Standard Oil Co. of Ky. v. Limestone County, supra.

We think the last-cited authority would authorize the imposition of the excise tax in question, and not offend subsection 15 of section 104 of the Constitution.

The trial court was of the opinion that subsection 18 of section 104 of the Constitution was disregarded. We are not of the opinion that municipal charters are dealt with by the act challenged, within the interdictions of subsection 18 of section 104 of the Constitution. They were not so considered in Standard Oil Co. of Ky. v. Limestone County, supra.

The several cities named exist and function under powers of the general law, and the act in question, especially section 4, was merely a denial to these cities of the right "to levy or collect a privilege license or excise tax on said motor fuels, or upon the business of selling, delivering," etc.

■ The act was not for the raising of revenue within the requirements of section 70 of the Constitution. It merely dealt with municipal power to enact an ordinance dealing with the conduct of the business of selling and delivering "gasoline, naptha, and other liquid motor fuels or any device or substitute therefor, commonly used in internal combustion engines," the proceeds therefrom to be used by the county "exclusively for the purpose of constructing and maintaining public roads, streets, bridges and ferries," etc., as required by the act. Local Acts Extra Session 1936, pp. 97, 98; In re Opinions of the Justices, 223 Ala. 369, 136 So. 589; Kennamer v. State, 150 Ala. 74, 43 So. 482.

■ Was there a duplicity of subject-matter in the title and body of the act which would condemn it within the terms contained in the statute and the constructions given section 45 of the Constitution? Certain definite tests or rules are contained in Ballentyne v. Wickersham, 75 Ala. 533, 536; Builders' & Painters' Supply Co. v. Lucas & Co., 119 Ala. 202, 208, 209, 24 So. 416; State ex rel. Leslie et al. v. Bracken et al., 154 Ala. 151, 45 So. 841, and Moog v. Talcott, 72 Ala. 210, which are, in substance, this: If the subjects expressed in the bill are cognate, germane, or complementary, the one to the other, they are properly legislated in a single act; if separate, distinct, and have no common ingredient as known in proper legislation and existing judicial decisions, they can not be united in a single act. In Ballentyne v. Wickersham, supra,

Judge Stone said "That the title of a bill may be very general, and need not specify every clause in the statute. Sufficient if they are all referable, and cognate to the subject expressed. And when the subject is expressed in general terms, every thing which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it." [75 Ala. 533, 536]; Yeilding et al. v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; Swindle, County Treas., v. State ex rel. Pruitt, Probation Officer, 225 Ala. 247, 143 So. 198; Lee v. State, 227 Ala. 2, 150 So. 164; Alabama State Bridge Corporation et al. v. Smith, 217 Ala. 311, 314, 116 So. 695; First Nat. Bank of Eutaw v. Smith, 217 Ala. 482, 484, 117 So. 38. See, also, authorities collected in Mayfield's Constitution, page 119.

Two subjects are not here dealt with. Only (1) the power to enact a privilege or excise tax by the County of Houston, an involuntary municipal corporation; (2) the denial of such right to tax to the towns and cities of that county; and (3) the repeal of all municipal privilege, excise, or license taxes on gasoline, Woco-Pep, or any other motor fuel used by self-propelled vehicles now being levied or collected by any incorporated city or town in said county. Both the title and the body of the act pertained to the tax on such minerals and oils in Houston County, and are not two subjects. That is, the title of the bill enacted is referable to one subject contained in the body of the act—the excise tax in Houston County. This is the effect of the recent decision in Yeilding et al. v. State ex rel. Wilkinson, supra.

■ Did the amendment proposed by the message from the Governor of date, April 17, 1936 [Senate Journal Extra Session 1936, page 850], and adopted [Senate Journal Extra Session 1936, pages 851, 852], render the bill obnoxious to the provisions of section 106 of the Constitution?

The pertinent provisions contained in the message from the Governor, suggesting certain Executive Amendments to the bill, read as follows:

"2nd. Further amend the bill by amending Section 5 thereof so as to read as follows:

**610**

"Section 5. That all such privilege taxes be levied or imposed under this act and the money derived therefrom shall be used exclusively for the purpose of constructing and maintaining public roads, streets, bridges and ferries in said County of Houston, *but the money accruing hereunder to any incorporated city or municipality may be expended as may be directed by the constituted authorities of such incorporated city or municipality.* (Italics supplied.)

"3rd. Further amend the bill by adding Section 7 thereof, as follows:

"Section 7. If any parts, sections or clauses of this Act shall be held to be unconstitutional the same shall not affect any other part, clause or section of the Act not declared to be unconstitutional." Senate Journal, Extra Session 1936, page 850.

We think the Executive Amendments in question did not destroy the integrity of the act, as it was advertised as a local bill.

It will be noted that sections 5 and 6 of the bill as advertised read: "That all such privilege taxes be levied or imposed under this Act, and the money derived therefrom shall be used exclusively for the purpose of constructing and maintaining public roads, streets, bridges and ferries in said County of Houston, and any incorporated city or town therein," and "This Act shall take effect on the first of the month next succeeding its passage and approval"; that the message from the Governor suggested the amendment of section 5 as above quoted, and further amendment of the bill by adding section 7 as above set out.

A narrow and literal construction in legislative process has not been allowed to destroy the power of a proper amendment to a pending bill, or to unnecessarily hamper legislation "to shape up and work out the details of local legislation." Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839, 942; McGehee v. State ex rel. Tate, 199 Ala. 287, 74 So. 374; Christian v. State, 171 Ala. 52, 54 So. 1001; State ex rel. Van Deusen v. Williams, 143 Ala. 501, 39 So. 276. That is to say, the Legislature has the power to change and form the details of local legislation when this is done so as not to depart from its essential and material substance as declared by the notice given under section 106 of the Constitution. State ex rel. Austin v. Black, 224 Ala. 200, 139 So. 431; First Nat. Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38; State ex rel. Wilkinson v. Allen, Judge, 219 Ala. 590, 123 So. 36.

We do not think the amendment destroyed the integrity of the bill under the notice given.

The judgment of the circuit court is therefore reversed, and one here rendered in favor of the petitioning county and municipalities named. The costs are taxed against W. F. Covington and the petitioning municipalities of Dothan and Columbia.

Reversed and rendered.

ANDERSON, C. J., and GARDNER, BOULDIN, FOSTER, and KNIGHT, JJ., concur.

BROWN, Justice (dissenting).

The act (Loc.Acts 1936, Ex.Sess., p. 97), both in its body and title, deals with two subjects—the powers of the Board of Revenue of Houston County, and the powers of city and town councils in said county—and if section 45 of the Constitution has any force this act is violative of it.

The act, as originally drawn and published in full, conferred on the Board of Revenue of Houston County absolute control over the disposition and application of the tax, with the limitation that it should be used "exclusively for the purpose of constructing and maintaining public roads, streets, bridges and ferries in said county of Houston." Section 5.

The amendment effected a material and substantial change in the act, in that it conferred on incorporated cities or municipalities the power to direct the expenditure of said funds collected in such incorporated cities or municipalities, without limitation of their discretion. This was a clear departure from the published bill, and rendered the act violative of section 106 of the Constitution. First Nat. Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38.

The primary purpose of the law, and, therefore, the subject of the act, was to confer on the Board of Revenue exclusive power within the county to tax certain commodities. It had the power to levy the tax under the general law for county purposes, and the sole purpose of the act is to make its power exclusive within the county and in cities and towns, and to withdraw existing power residing in such municipalities to tax said commodities. Therefore, the bill culminating in the act was not a bill "to raise revenue," (Const. § 70) but for reasons stated was violative of sections 45 and 106 of the Constitution.

I therefore respectfully dissent.