172 So. 639

## STATE ex rel. KINNEY v. ST. JOHN et al.

### 6 Div. 68.

Supreme Court of Alabama.

Feb. 18, 1937.

H. H. Kinney and W. Marvin Scott, both of Cullman, for appellant.

St. John & St. John, of Cullman, for appellees.

GARDNER, Justice.

■ This court takes judicial knowledge that the city of Cullman is a city of less than 6,000 population. State ex rel. Williams v. Owens, 217 Ala. 668, 117 So. 298.

Our statute (section 1759, Code 1923) provides that in such cities and in towns the council shall elect a clerk, and may elect a recorder, and fix their salaries and terms of office, and may determine by ordinance the other officers, their salaries, manner of election, and terms of office.

It is clear, therefore, as to the city of Cullman, the office of city attorney must be provided for by ordinance, or otherwise no such office exists; and, of course, these proceedings in the nature of quo warranto presuppose the existence of a public office.

In the petition it is alleged the respondents are holding the office of "city attorney," or "attorneys for the city of Cullman," rather an indefinite designation for a public office. Assignments of demurrer to the petition specifically point out that the petition does not show the existence of any such public office as above designated. Illustrative is the seventh ground of demurrer, reading as follows:

"7. Because the court judicially knows that the city of Cullman is of less than 6,000 inhabitants and does not show that the mayor and council of said city have by ordinance created the office of city attorney."

Failure of petitioners to amend to meet assignments of demurrer of this character could not well be attributed to an oversight or a failure to have the alleged defect sufficiently pointed out.

In Jackson v. State, 143 Ala. 145, 42 So. 61, it was stated that in proceedings of this character particularity of averment in the information as to the functions and powers exercised is not required and it suffices to designate in general terms the particular office the usurpation, intrusion into, and unlawful holding of the same. And other cases of like tenor are cited by petitioners. State ex rel. Reeves v. Thompson, 211 Ala. 429, 100 So. 756; State ex rel. Knox v. Dillard, 196 Ala. 539, 72 So. 56; State ex rel. Kernachan v. Roberts, 203 Ala. 325, 83 So. 49.

■ But none of the authorities cited had reference to a situation as here presented, where the court judicially knows that an ordinance of the city was necessary to the creation of the office, and where judicial knowledge is not taken of an ordinance of a city of Cullman's population. State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211.

■ In the light of these conditions, an assignment of demurrer specifically pointing out the failure of the petition to sufficiently disclose that in fact there was such a public office was properly sustained.

It may well be respondents are merely employed by the city authorities, as occasion requires, and that they are nothing more than employees as the assistant city attorney was designated in State v. Wilkinson, supra.

But in any event, for the creation of such an office as referred to in the petition, the authorities of Cullman, under our statute (section 1759, Code), must have so provided by an ordinance.

Petitioners declined to amend the petition to meet this defect, which lends color to the insistence by respondents that in fact no such office has been created. In view of this situation, we deem it unnecessary to enter into a consideration of the further question as to whether or not, assuming the creation of the office, quo war-

ranto would lie to oust the respondents. We merely note, without discussion, some of the pertinent authorities bearing relation to that question. State ex rel. Williams v. Owens, 217 Ala. 668, 117 So. 298; State ex rel. Chambers v. Bates (Ala. Sup.) 171 So. 370;[1] State ex rel. McIntyre v. McEachern, 231 Ala. 609, 166 So. 36; Bradford v. State ex rel. Esslinger, 226 Ala. 342, 343, 147 So. 182; Stone v. State ex rel. Freeland, 213 Ala. 130, 104 So. 894; Owens v. City Council of Troy, 229 Ala. 439, 157 So. 865; State ex rel. Moore v. Blake, 225 Ala. 124, 142 So. 418; State ex rel. Gunn v. Argo, 227 Ala. 657, 151 So. 844; Boone v. State, 170 Ala. 57, 54 So. 109, Ann.Cas.1912C, 1065; sections 1891, 2313, 3317, 5038, and 9932, Code 1923.

The trial court committed no error in sustaining the demurrer, and the judgment will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

