PER CURIAM.
The sole question presented by this appeal is the constitutionality of 1991 Ala. Acts, Act No. 91-491. That Act became law on July 29, 1991, and modifies certain sections of Title 40, Ala.Code 1975, as they pertain to the duties of the judge of probate of Marshall County. Carl Boatwright, the tax collector of Marshall County, sued for a judgment declaring the Act to violate § 104(15) and § 105 of the Alabama Constitution of 1901. The circuit court held the Act not to violate those provisions and entered a summary judgment for the defendant. We reverse and remand.
*917 Section 104 prohibits the Legislature from passing “a special, private, or local law” in any of several specified areas, including the area addressed by subsection (15), which refers to “[r]egulating either the assessment or collection of taxes.”
Under the definition contained in § 110 of the Alabama Constitution, Act No. 91-491 is considered a “local law.” The key issue, therefore, is whether the Act “[r]egulate[s] either the assessment or collection of taxes.” The Act provides, in pertinent part, as follows:
“Section 1. The provisions of this act shall apply to Marshall County.
“Section 2. The procedure for selling and redeeming lands for taxes in such county shall be the same as provided in Title 40 of the Code of Alabama 1975, as amended, except that all such duties as are required of and are performed by the judge of probate shall be transferred to and be performed by the tax collector of said county, and the judge of probate shall be relieved of all such duties.”[1]
A similar act was considered by this Court in Bridges v. McWilliams, 228 Ala. 135, 152 So. 457 (1934). Specifically, Bridges involved a local law that abolished the Limestone County offices of tax assessor and tax collector and created the office of “Tax Assessor-Collector for Limestone County.” In considering whether that local law violated § 104(15) of the Constitution, this Court stated:
“The dominating purpose of section 104 of the Constitution was to destroy the practice of ‘legislative courtesy’ in the enactment of legislation on the subjects specifically enumerated therein, and to compel the enactment of general laws covering these subjects, providing a uniform system applicable to the state as a whole, in respect to the agencies provided for the assessment and collection of taxes.
“There is no escape from the conclusion that the act in question undertakes to regulate the assessments and collection of taxes in Limestone [Cjounty, and sets up entirely different ‘machinery’ therefor from that provided in all other counties in the state by the general law, and violates, both in letter and spirit, the quoted provisions of the Constitution. [State ex rel. Day v. Bowles], 217 Ala. 458, 116 So. 662 [ (1928) ]; Standard Oil Co. of Kentucky v. Limestone County, 220 Ala. 231, 124 So. 523 [ (1929) ].”
228 Ala. at 137,152 So. at 458. There can be no question that the same is true in this case.[2]
Title 40, Chapter 10, Ala.Code 1975, establishes a general system of collecting taxes through the sale and redemption of land. Section 104(15) of the Constitution is intended to ensure the existence of a uniform tax system throughout the state and, to that end, it prohibits the Legislature from passing local laws that regulate tax assessment or collection. Act No. 91-491 applies only to Marshall County, and it is a direct attempt to alter the uniform system established in Title 40. Act No. 91-491 is, therefore, unconstitutional. The judgment of the trial court is reversed, and the case is remanded for proceedings consistent with this opinion.
In light of the foregoing, we pretermit discussion of the remaining issues raised by the parties.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and LYONS, JJ., concur.

. Title 40, Chapter 10, Ala.Code 1975, contains the general laws that set out the duties of both the judge of probate and the tax collector, as they relate to the sale of lands for taxes. In Chapter 10, the judge of probate for each county is assigned several duties, one of which includes fulfilling the duties of the tax collector under § 40-10-2 if he or she fails to comply with the mandates of that section. § 40-10-3, Ala.Code 1975.

. It should be noted that, under Amendment 411 of the Alabama Constitution, the Legislature now has the power to pass local laws to consolidate the offices of tax collector and tax assessor. However, no similar exception to § 104(15) of the Constitution has been created regarding the tax collection procedures set out in Title 40, Chapter 10, Ala.Code 1975.