# *Ex parte* Diggs.

*Application for Mandamus to Criminal Court of Dallas, to compel Restoration to Office of County Solicitor.*

1. *Appointment of county solicitor by criminal court of Dallas.*—When the county solicitor is absent, or disqualified, or when there is a vacancy in the office which has not been filled by the judge of the circuit, the presiding judge of the criminal court of Dallas may appoint a competent attorney in his place; but such appointment is temporary, and cannot extend beyond such absence, disqualification, or vacancy.

2. *Vacation of office by conviction of felony; reversal of conviction.* — When a county solicitor has been convicted of a felony, his office is vacated from the date of the sentence (Rev. Code, §§ 146, 200) ; but, if the judgment of conviction is reversed, he is entitled to be restored to his office immediately, and may compel such restoration, if refused, by *mandamus.*

[Ex parte Diggs.]

In this case, a motion was entered on the motion docket of this court, on the 25th July, 1873, in these words : " The said James S. Diggs moves this Honorable Supreme Court for a writ of *mandamus*, to be issued to the Hon. GEO. H. CRAIG, judge of the criminal court of Dallas county, commanding him, as such judge, to set aside, rescind, and annul, so far as the same are illegal and unjust, the orders and entries by him made in his said court at its March term, 1873, of date the 8th and 10th days of March, copied and more fully appearing in the petition of said Diggs, now on file in this court; and commanding him, also, as such judge of said court, for and during the remainder of the term for which said Diggs was, in November, 1872, elected solicitor of said county of Dallas, from interfering with or prohibiting said Diggs in the full and free performance and discharge of the duties of his said office ; and also commanding him, as such judge of said court, to permit him, said Diggs, as solicitor for said county of Dallas, so far as he is by law allowed and required, to perform and discharge the duties which devolve on him as such solicitor in said criminal court. This motion is made for the reasons, causes, and grounds, set forth in the petition and motion, &c., thereto attached, now on file in this court, and which are prayed to be taken as a part hereof."

The accompanying transcript, showing the proceedings had in said criminal court of Dallas, contains the orders relating to the suspension of said Diggs, his petition to have them set aside and rescinded, and the judgment of the court overruling and refusing his petition. The orders suspending said Diggs, and appointing another attorney to act as solicitor in his stead, dated respectively the 8th and 10th days of March, 1873, are as follows : —

" It having been communicated to the court, by the foreman of the grand jury at the present term of the court, that there are charges pending before said grand jury in which James Shepard Diggs, the solicitor of Dallas county, is interested and concerned; it is therefore ordered by the court, that the said James Shepard Diggs, solicitor as aforesaid, be, and he is hereby, suspended from acting as solicitor for Dallas county before this court, or before the said grand jury, until further ordered ; and that S. W. John be, and he is hereby, appointed as solicitor *pro tem.*, to act until further ordered."

" An order having been made by this court on a former day of the present term, temporarily suspending James Shepard Diggs, the solicitor for Dallas county, from acting as such solicitor in this court, for the reasons set forth in said order, and also appointing S. W. John as solicitor *pro tem. ;* and the court being creditably informed, to its satisfaction, that the

said S. W. John is unable, by reason of sickness, to act as solicitor under said appointment; and it further appearing to the satisfaction of the court that the charges against the said James Shepard Diggs are still under investigation before the grand jury at the present term of the court; it is therefore considered by the court, that Sumpter Lea, an attorney of this court, be, and he is hereby, appointed to act in the place of said James Shepard Diggs, as solicitor *pro tem.* for Dallas county, until further ordered."

The petition of said Diggs to set aside and rescind these orders, and to be allowed to appear and perform the duties of said office in said court, which was filed in that court on the 17th July, 1873, claims the right to the office by virtue of his election in November, 1872, and the commission issued to him pursuant to that election; and it takes no notice whatever of the criminal proceedings against him. The transcript contains, however, an entry dated the 16th July, 1873, which recites that said Diggs appeared in said court on that day, and entered into a recognizance, with two sureties, for his appearance at that term of said court, and from term to term thereafter until discharged by law, "to answer an indictment pending against him for bribery;" and the judgment of said criminal court, overruling and refusing his said application, contains the following recitals: "And it appearing to the satisfaction of the court that, on the —— day of March, 1873, a bill of indictment was returned into this court against the said James Shepard Diggs, for the crime of bribery, and that the said bill of indictment is still pending herein and undetermined, charging said Diggs with having committed said offence while he was acting in this very capacity of solicitor of Dallas county; it is therefore considered by the court," &c. These are the only references to the said criminal proceedings anywhere shown by the transcript. It should be stated, however, that the petitioner was tried under said indictment at the March term, 1873, of said criminal court, and was convicted; but the judgment of conviction was set aside by this court, on the 14th July, 1873, and the cause was remanded for a new trial. See the case reported in 48 Ala. 311–28.

REID & MAY, for the petitioner.

PETERS, C. J. — 1. The judge of the criminal court of Dallas county has authority to appoint a competent attorney to act in that court, in the place of the solicitor, when this latter officer is absent, or disqualified under the Code, or when the office of solicitor is vacant, and the vacancy has not been filled by an appointment made by the judge of the circuit. Rev.

[Shulman v. Brantley.]

Code, §§ 146, 200, 859; Const. Ala. 1867, Art. VI. § 17. Any appointment, so made by the judge of such criminal court, cannot extend beyond this. And as the order, suspending Mr. Diggs and appointing another person in his place, may be construed to have been made to effect the end above indicated, I feel at liberty so to construe it. So construed, it may be sustained; but, beyond this, it is void.

2. But now, the judgment against the solicitor (Diggs) having been reversed, he is entitled to be restored to his office, and to all the rights and privileges appertaining to the same. Rev. Code, § 146. This is the express language of the Code, which is this: "When any person, holding any office or place under the authority of this State, is sentenced by any court of the United States, of this State, or any other state, to imprisonment in the penitentiary, his office or place is vacated from the time of the sentence; and if the judgment is reversed, he *must be restored*; but if pardoned, he must not." The restoration should be made immediately on the reversal. No doubt this will become quite apparent to the learned judge of the criminal court of Dallas county, when he shall seriously consider the extent of the jurisdiction which the Constitution and laws confer upon his office. It therefore seems very clear that Mr. Diggs is entitled to immediate restoration to his office as solicitor in Dallas county.

A rule for this purpose is accordingly granted, as asked in the petitioner's application; and the question of costs is reserved, until said rule is executed and returned into this court.