**STONE, County Treasurer, v. STATE ex rel. FREELAND.    (1 Div. 614.)**

(Supreme Court of Alabama.    May 11, 1925.)

Counties ⟨⟩65—Statute, vacating state office upon sentence of incumbent to imprisonment in penitentiary, as applied to county office, held valid.

Code 1907, § 1558 (Code 1923, § 2699), vacating state office on sentence of incumbent to penitentiary, as applied to a county office, *held* valid, in view of Const. 1901, § 60, making persons convicted of infamous crime incapable of holding office, despite sections 173, 175, providing for removal of officers by impeachment.

Certified Question from Court of Appeals.

Petition of the State of Alabama, on the relation of Albert Freeland, for mandamus, to George E. Stone, as Treasurer of Mobile County. From a judgment awarding the writ, respondent appeals. Question certified to Supreme Court by Court of Appeals (20 Ala. App. 645, 104 So. 892).

See, also, post, p. 131, 104 So. 895.

Question answered.

The Court of Appeals certifies to the Supreme Court the following inquiry, under Code 1923, § 7322:

To the Chief Justice and Associate Justices of the Supreme Court:

In the above-styled cause now pending in this court, the sole question determinative of the appeal is as to whether section 1558 of the Code of 1907, being section 2699 of the Code of 1923, is in violation of section 175 of the Constitution of 1901, when taken and considered in connection with sections 173 and 60 of the Constitution of 1901.

Being uncertain as to this, the question is respectfully referred to the Supreme Court for decision under the statute in such cases made and provided. Along with this inquiry is herewith handed you the record and the briefs of counsel.

Respectfully submitted:
    C. R. Bricken, Presiding Judge.
    Wm. H. Samford, Associate Judge.
    James Rice, Associate Judge.

Brown & Kohn, of Mobile, for appellant.

No vacancy in his office was created by the conviction of Cleveland. Section 1558 of the Code of 1907 is unconstitutional. Const. 1901, § 175; Batson v. State ex rel. Pond, 206 Ala. 317, 89 So. 500; Petree v. McMurray, 210 Ala. 639, 98 So. 782; Nolen v. State ex rel. Moore, 118 Ala. 154, 24 So. 251; Harrington v. State ex rel. Van Hayes, 200 Ala. 480, 76 So. 422; Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211; Williams v. State ex rel. Schwarz, 197 Ala. 40, 72 So. 330, Ann. Cas. 1918D, 869; Finklea v. Farish, 160 Ala. 230, 49 So. 366.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

Code § 1558, is a valid statute. Const. 1901, § 60; Ex parte Diggs, 50 Ala. 78.

GARDNER, J. The Court of Appeals has certified the question as to whether section 1558, Code 1907, is in violation of section 175 of the Constitution of 1901, when considered in connection with sections 173 and 60 of the Constitution of 1901. Said section 1558 reads as follows:

"When any person, holding any office or place under the authority of this state, is sentenced by any court of the United States, of this state, or any state, to imprisonment in the penitentiary, or hard labor for the county, his office or place is vacated from the time of the sentence; and if the judgment is reversed, he must be restored; but if pardoned, he must not."

It is insisted that the office involved in this litigation is a county office, and that such county officers are removable only upon ground of impeachment specified in section 173 of the Constitution of 1901, and only in the manner provided in section 175 of said Constitution, guaranteeing a trial

by jury upon the hearing of such impeachment proceedings; that therefore the provisions of said section 1558, supra, are violative of these constitutional provisions.

Counsel have cited numerous cases to the effect that a statute providing for a removal of any of the officers named in these constitutional provisions, in any other manner or for any other cause than therein specified, is invalid as violative of the Constitution, among them Nolen v. State, 118 Ala. 154, 24 So. 251; Petree v. McMurray, 210 Ala. 639, 98 So. 782; Williams v. Schwarz, 197 Ala. 40, 72 So. 330, Ann. Cas. 1918D, 869; Batson v. Pond, 206 Ala. 480, 89 So. 500; Touart v. State, 173 Ala. 453, 56 So. 211.

In none of these authorities was any question presented involving the application of section 1558, supra. This section is to be considered in connection with section 60 of our Constitution, which reads as follows:

"No person convicted of embezzlement of the public money, bribery, perjury, or other infamous crime, shall be eligible to the Legislature, or capable of holding any office of trust or profit in this state."

Said section 1558 is, in our opinion, in harmony with this latter provision of our Constitution, and was enacted to give force and effect thereto. Very clearly, if one who has been convicted of an infamous crime shall not be "capable of holding any office of trust or profit in this state," as plainly provided in section 60, supra, then manifestly, a statute which provides for the office to be vacated from the time of the sentence, and the restoration to office in the event of a reversal of the judgment, is but a recognition of this constitutional provision, and properly enacted for its more efficient enforcement. Section 175 of the Constitution, dealing with the question of impeachment, preserves to the officer a trial by jury. Section 60 gives recognition to the fact that the officer has been duly tried before a jury and convicted, and has "had his day in court." It gives weight to such a conviction, and it was clearly not the intention of the Constitution that, following such conviction, the officer must be formally impeached and again given a jury trial before his removal could be effected. This section recognizes the fact that for the proper and orderly administration of governmental affairs the officer should not serve who rests under the stigma of conviction for an infamous crime. Section 1558 follows in the wake of this constitutional provision, vacates the offices pending such judgment of conviction, and generously provides a restoration to office immediately upon a reversal of the judgment. Ex parte Diggs, 50 Ala. 78.

The case of Finklea v. Farish, 160 Ala. 230, 49 So. 366, cited by counsel for appellant, dealt with the meaning of the word "ineligible" in section 1467, Code 1907, and in no manner involved the question here presented.

We are of the opinion section 60 of the Constitution has a field of operation wholly apart from the provisions for impeachment of officers as set out in section 175. The former section deals with a fixed status, giving due recognition to a past conviction for infamous crimes, while the latter looks to a removal of the officer upon prospective trial by a jury. Section 1558 is in harmony with section 60 of the Constitution, and in no wise runs counter to section 175.

We therefore answer in favor of the validity of said section 1558, Code 1907.

Let this opinion be certified to the Court of Appeals.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.