142 So. 418

**STATE ex rel. MOORE v. BLAKE.**

**8 Div. 377.**

Supreme Court of Alabama.

June 2, 1932.

C. P. Almon, of Florence, and Travis Williams, of Russellville, for appellant.

Andrews, Peach & Almon, of Sheffield, for appellee.

**BOULDIN, J.**

Proceeding by quo warranto.

The relator, Herbert Moore, appellant here, was elected and qualified as sheriff of Colbert county. Pending his incumbency he was convicted in the District Court of the United States of the offense of conspiracy to violate the Federal Prohibition Law, and sentenced to imprisonment in the federal penitentiary for a term of two years. Pending an appeal to the United States Circuit Court of Appeals, and while relator was at large on an appearance bond, the Governor declared the office vacant and appointed the respondent, J. H. Blake, to such vacancy. Relator relinquished the office to the appointee under protest, and by this proceeding challenges the authority of the Governor to declare the office vacant and make an appointment to fill such vacancy.

"When any person, holding any office or place under the authority of this state, is sentenced by any court of the United States, of this state, or any state, to imprisonment in the penitentiary, or hard labor for the county, his office or place is vacated from the time of the sentence; and if the judgment is reversed, he must be restored; but if pardoned, he must not." Section 2699, Code. See, also, Code, § 5294.

These statutes date back to the Code of 1852, without change affecting the inquiry now presented. See parenthetical Code sections.

The power to make an appointment to fill the vacancy declared by this statute upon conviction and sentence, with the right of restoration in case of reversal of the judgment of conviction, was declared in Ex parte Diggs, 50 Ala. 78.

Appellant insists that a sheriff can now be removed from office only by impeachment in the manner and for causes provided by the Constitution, sections 173 and 174. Nolen v. State ex rel. Moore, 118 Ala. 154, 24 So. 251; Williams, Judge, v. Schwarz, 197 Ala.

40, 72 So. 330, Ann. Cas. 1918D, 869; Petree v. McMurray, 210 Ala. 639, 98 So. 782.

■ In effect appellant contends that Code, § 2699, is violative of the constitutional right of removal only by impeachment. This court held otherwise in Stone, County Treas., v. State ex rel. Freeland, 213 Ala. 130, 104 So. 894.

But the point is made that the Stone Case is rested upon section 60 of the Constitution, which reads: "No person convicted of embezzlement of the public money, bribery, perjury, or other infamous crime, shall be eligible to the legislature, or capable of holding any office of trust or profit in this state."

Appellant insists the conviction in his case was not for an "infamous crime" within the meaning of section 60, supra.

The progenitor of this section is found in section 20, article 4 of the Constitution of 1868, defining who shall be eligible to election to the General Assembly, and included persons "convicted of bribery, forgery, perjury or other high crime or misdemeanor, which may be by law declared to disqualify him."

The section, enlarged to include all offices of profit or trust, has always appeared in the article relating to the legislative department, and not in connection with the provisions for impeachment.

We find no necessity to define "infamous crime" within the meaning of section 60, for reasons now to be stated.

■ That section has the force of positive law declaring a fixed policy that persons therein named are ineligible to hold office in Alabama. The peace and dignity of the state as dependent upon the character and morale of her public officials is the thought behind it.

The Legislature has no power, unless elsewhere provided in the Constitution, to make convicted felons of the class named eligible to office. To that extent section 60 is a limitation on legislative power.

■■ But it is no limitation upon the power of the Legislature to prescribe further qualifications for office, to declare who shall be eligible to hold office in Alabama. This is an inherent legislative power. Finklea v. Farish, 160 Ala. 230, 49 So. 366.

■ The case of Stone, County Treasurer, v. State ex rel. Freeland, supra, does not limit the application of Code, § 2699, to convictions of the class named in section 60 of the Constitution. That case declares the statute in keeping with the policy expressed in section 60 of the Constitution.

■■ Impeachment proceedings are for the removal of public officers for malfeasance while lawfully holding the office upon grounds prescribed by section 173 of the Constitution. Due process of law is essential to impeachment.

But the vice of appellant's position is in confusing causes for removal by impeachment with ineligibility to hold the office.

■ If the incumbent becomes ineligible to hold the office pending his incumbency, and continues to exercise its functions, he is a usurper, and may be ousted by quo warranto proceedings. Such is the definite decision in State ex rel. Coe v. Harrison, 217 Ala. 80, 114 So. 905. See, also, State ex rel. Williams v. Owens, 217 Ala. 668, 117 So. 298.

Section 2699 goes to the question of eligibility. We do not question the power of the Legislature to declare a public officer convicted by due process of law and sentenced to imprisonment ineligible to further hold the office, and to declare the office vacant unless and until the judgment of conviction is reversed and the sentence to imprisonment vacated.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.