GLADNEY, Judge.
The marriage of Emmett Leon Nance and Annie Beck Nance was dissolved by divorce on June 20, 1961. Subsequently, on August 18, 1961, Nance sold his undivided one-half interest in an improved lot in Shreveport that had previously been a part of the community of acquets and *419 gains of his marriage. The vendee of Nance, Edro Speights, has instituted this action for the partition of this property, bringing suit against his co-owner, Annie Beck Nance. Attached to plaintiff’s petition is a copy of the act of sale to Speights and the judgment of divorce of Emmett Leon Nance and Annie Beck Nance. The only reference to the community estate contained in the decree is “that the community of acquets and gains be divided according to law.” The judgment was not recorded in the conveyance records of Caddo Parish. Mrs. Nance opposed a partition of the property by filing a peremptory exception of no cause or right of action predicated on her contention that community debts followed alienated community property even after dissolution of the marriage by judgment of divorce. The exception was overruled and defendant answered, averring that she is a creditor of the community estate and further praying that an inventory of the community estate be made and a full accounting therefor be required of her husband who was made defendant in third party proceedings. Speights has excepted to the joinder of Emmett Leon Nance in these proceedings and has filed a motion for summary-judgment, contending that there is no genuine issue in this law suit and that the sole question presented for .decision is whether or not Annie Beck Nance is entitled to enforce in these proceedings any cause of action she may have against her former husband. It is further urged that in any event the property purchased by Speights is protected under the law of registry against claims by a community creditor. The legal issues so presented were argued and submitted to the trial judge, who sustained the motion for summary judgment with recognition as owners of the subject property Edro Speights and Annie Beck Nance, each of an undivided one-half interest. This appeal has been lodged on behalf of Annie Beck Nance.
The principal issue presented is simply a point of law and that is whether the unrecorded claim of a divorced wife as a creditor of the community of acquets and gains which had existed between herself and her husband can affect property purchased by the vendee of the divorced husband. Stated in another way, appellant asserts that the property which formerly belonged to the community of acquets and gains, even after alienation, is subject to and affected by the community debt due her without registration of notice of her claim in the conveyance records of the parish in which the property is situated.
In Humphreys v. Royal, 215 La. 567, 41 So.2d 220 (1949) it was recognized by the Supreme Court that under the provisions of LSA-C.C. Art. 2406, the management of community property which vested the husband with the exclusive right to sell or otherwise alienate and encumber it during the existence of the marriage, terminated upon the dissolution of the marriage, and either the husband or wife was thereafter vested with an unrestricted title to an undivided one-half interest in such property. The court then discussed the effect upon property alienated by one of the parties with reference to the public policy of this state that in order to affect third parties, all sales, or transactions, or judgments touching upon or affecting real rights of immovable property, must be recorded. Referring to the effect of LSA-C.C. Arts. 2264, 2265 and 2266, Justice Fournet stated that the lawmakers thus provided a method intended to be simple, sure, and inflexible, whereby those who desire to invest their money in real estate may be able to find, upon the public records, the evidence, and all the evidence, needed to establish or defend the title thereto. Continuing, it was said:
“These articles are clear and free from any ambiguity and are subject to no exceptions other than that they do not apply ‘between the parties thereto.’ It therefore follows that the unrecorded divorce judgment affecting the immovable property in controversy *420 is utterly null and void as to the defendant here, a third party.”
The cited case held that where the husband, after securing a divorce which was never recorded, deeded realty to a third person, the divorce judgment was void as to such third person and that the purchaser from the wife of her one-half interest in said realty had no enforceable right as to the third party. The rule as applied in Humphreys v. Royal was again resorted to in Hodgeson et al. v. McDaniel et al., 233 La. 180, 96 So.2d 481 (1957), wherein the court had under consideration the right of third purchasers without notice and held that even where such third persons had personal knowledge of the defect in their title, that when dealing with immovable property they need look only to the public records. The court stated the rule to be:
“Ever since the landmark decision of McDuffie v. Walker, 125 La. 152, 51 So. 100, it has been the settled public policy, which is founded upon the articles of our Civil Code, that a party dealing with immovable property need look only to the pu’blic records and, if such records do not show the recordation of any adverse claim sufficient to put such third party on notice, he obtains a good title notwithstanding that he had personal knowledge of defects therein. Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 255; Humphreys v. Royal, 215 La. 567, 41 So.2d 220 and see also Thompson v. Thompson, 211 La. 468, 30 So.2d 321.”
See also King v. Bickham, 105 So.2d 301 (1st Cir.1958) and Shapiro v. Bryan et al., 132 So.2d 97 (4th Cir.1961). In the last cited case the court held that the law of public registry protected innocent purchasers of community property which was sold by the husband while separation proceedings were pending, where the wife had not recorded notice of her suit. Judge Regan observed in that case that the ratio decidendi of the McDuffie v. Walker case has now become firmly established in our jurisprudence. However, he made this comment:
“ * * * Behind this settled doctrine stands the public policy of protecting the security of real estate transactions. The two exceptions thereto have occurred in the areas of the law relating to forced heirship and community property, but since we are solely concerned with the latter, it is only necessary in order to preserve the ratio decidendi of this case to discuss the exception relating to community property.”
The exceptions mentioned in the above quotation, and by this we mean situations where the public records doctrine has not been applied, are not, however, present in the instant case. For instance, the rights of heirs to their mother’s half of community immovables which were recorded in the father’s name alone have been held to prevail over the rights of an acquirer who relies on registry. George v. Delaney, 111 La. 760, 35 So. 894 (1904); Long v. Chailan, 187 La. 507, 175 So. 42 (1937). Again, the unrecorded interest of forced heirs has been protected despite the fact that the contract to purchase was made on the faith of the public records. Thompson v. Thompson, 211 La. 468, 30 So.2d 321 (1947).
By virtue of the application of the law of registry, as interpreted in McDuffie v. Walker and the above cited authorities, that plaintiff is protected under the registry laws of this state can not be seriously questioned, and since there was no recordation of the claim of Mrs. Nance against the community in the conveyance records, the judgment of divorce and the rights flowing therefrom are void as to the property acquired by the plaintiff, a third party.
For the foregoing reasons, the judgment from which appealed is affirmed at appellant’s cost, and this cause is remanded to the First District Court in and for Caddo Parish, Louisiana, for further proceedings according to law.