*1156 Honorable George C. Wallace
Governor of Alabama
State Capitol
Montgomery, Alabama 36130
Dear Sir:
The undersigned Justices of the Supreme Court acknowledge receipt of your request for an advisory opinion on the questions presented in your letter of June 8, 1978. You state the following facts:
“On, to-wit, January 20th, 1975, the Honorable Melba Till Allen took office as Treasurer for the State of Alabama. Thereafter, on June 8, 1978, she was sentenced by order of the Honorable Perry Hooper, Circuit Judge, Montgomery, Alabama, to imprisonment in the penitentiary for a term of three years, a certified copy of said order being attached hereto as Exhibit “A”, and made a part hereof.
“Section 36-9-2, Code of Alabama, 1975, provides, inter alia, ‘When any person holding any office or place under the authority of this State is sentenced by any court of the United States, of this State or of any other state to imprisonment in the penitentiary or hard labor for the county, his office or place shall be vacated from the time of the sentence
“On the other hand, Section 173, Constitution of Alabama, 1901, provides, inter alia ‘The . . . state treasurer . may be removed from office for willful neglect of duty, corruption in office, incompetency, or intemperence in the use of intoxicating liquors or narcotics to such an extent, in view of the dignity of the office and importance of its duties, as unfits the officer for the discharge of such duties, or for any offense involving moral turpitude, while in office, or committed under color thereof, or connected therewith. . . .’
“Section 36-9-17, Code of Alabama, 1975, requires that vacancies in all State offices shall be filled by appointment of the governor for the unexpired term of such office, unless otherwise provided by law. No other provision of law is so provided in case of a vacancy during the term of the State Treasurer.”
You pose the following questions:
“1. Did the order of this date sentencing the State Treasurer by the Circuit *1157 Court of Montgomery County trigger the operation of Section 36-9-2, Code of Alabama, 1975, thereby resulting in a vacancy in that office to be filled by appointment of the governor?
“2. If your answer to the foregoing question is in the affirmative, would such vacancy and appointment be constitutionally valid without complying with the provisions of Section 173, Constitution of Alabama, 1901?
“3. If your answer to question one is in the negative, does Section 173, Constitution of Alabama, 1901, establish an exclusive procedure for the removal from office of the state treasurer under the facts hereinabove related?”
Based upon the reasons and the authorities hereinafter set forth, we respectfully answer your questions number one and two in the affirmative. By so doing, we pretermit the answer to question number three.
Section 36-9-2, Code of Alabama 1975, should be considered in connection with Section 60 of the Constitution of 1901. This statute is in harmony with section 60 and was enacted to give force and effect thereto. State ex rel. Moore v. Blake, 225 Ala. 124, 142 So. 418 (1932).
Section 60 provides the following:
“No person convicted of embezzlement of the public money, bribery, perjury, or other infamous crime, shall be eligible to the Legislature, or capable of holding any office of trust or profit in this State.”
It has been held that section 60:
“ . . . has the force of positive law declaring a fixed policy that persons therein named are ineligible to hold office in Alabama. The peace and dignity of the state as dependent upon the character and morale of her public officials is the thought behind it.

“But it is no limitation upon the power of the Legislature to prescribe further qualifications for office, to declare who shall be eligible to hold office in Alabama. This is an inherent legislative power.”
State ex rel. Moore v. Blake, 225 Ala. 124, 126, 142 So. 418, 419 (1932).
Furthermore, this court has stated the following concerning the relationship between section 1558, Code of Alabama 1907, the progenitor of section 36-9-2, Code of Alabama 1975, and section 60:
“Very clearly, if one who has been convicted of an infamous crime shall not be ‘capable of holding any office of trust or profit in this state,’ as plainly provided in section 60, supra, then manifestly, a statute which provides for the office to be vacated from the time of the sentence, and the restoration to office in the event of a reversal of the judgment, is but a recognition of this constitutional provision, and properly enacted for its more efficient enforcement. . . . Section 60 gives recognition to the fact that the officer has been duly tried before a jury and convicted, and has ‘had his day in court.’ It gives weight to such a conviction, and it was clearly not the intention of the Constitution that, following such conviction, the officer must be formally impeached and again given a jury trial before his removal could be effected. This section recognizes the fact that for the proper and orderly administration of governmental affairs the officer should not serve who rests under the stigma of conviction for an infamous crime. Section 1558 [§ 39-9-2, Code 1975] follows in the wake of this constitutional provision, vacates the offices pending such judgment of conviction, and generously provides a restoration to office immediately upon a reversal of the judgment. Ex parte Diggs, 50 Ala. 78.”
Stone v. State ex rel. Freeland, 213 Ala. 130, 131, 104 So. 894, 894-95 (1925).
In light of these principles, it is clear that section 60 and section 36-9-2 have a field of operation wholly apart from the provisions for impeachment of the state treasurer, as well as certain other constitutional officers, found in section 173 of the Constitution. Section 60 provides the constitutional sanction of ineligibility to hold *1158 public office on account of conviction of an infamous crime. Section 36-9-2, as it relates to section 60, was enacted in harmony therewith, and in furtherance thereof, by providing that upon sentencing to imprisonment in the penitentiary, the office be vacated. However, section 173 looks to a removal by impeachment of the officer for prescribed acts or omissions while lawfully holding the office. We note that section 176 of the Constitution, as to impeachment of public officers under the preceding sections 173, 174 and 175, does not extend beyond removal from office for the term, and recognizes that such officer is also liable to criminal prosecution as prescribed by law.
We also note that section 136 of the Constitution provides that, should the office of the state treasurer “become vacant from vacant from any cause, the governor shall fill such vacancy until the disability is removed or a successor elected and qualified.”
Respectfully submitted,
C. C. TORBERT, Jr., Chief Justice
JAMES N. BLOODWORTH HUGH MADDOX RENEAU P. ALMON JANIE L. SHORES ERIC EMBRY SAM A. BEATTY Justices.