This appeal is from a judgment dismissing a petition for quo warranto of the State of Alabama, on relation of the Attorney General, pursuant to Code 1975, § 6-6-591, seeking an order declaring vacant the office of Mayor of Glencoe, Alabama, and, further, enjoining respondent, Ronnie Rampey, from continuing to exercise the powers of that office.
Rampey, the present mayor of Glencoe, was indicted by an Etowah County grand jury on charges of second degree theft and use of his official position for personal financial gain in violation of Code 1975, § 36-25-5 (a), a section of the Code of Ethics for Public Officials and Employees, and others. The State, required to elect between the two counts of the indictment, chose to proceed on the Ethics Code violation, for which Rampey was tried, convicted, and fined $5,000. Under Code 1975, § 36-25-27 (a), a violation of the Code of Ethics is punishable by a fine not to exceed $10,000 or imprisonment not to exceed 10 years, or both.
Following the conviction, the Glencoe City Council requested Mayor Rampey to resign. He refused, whereupon the State filed the petition for quo warranto pursuant to Code 1975, § 6-6-591. The petition alleged that, as a result of his conviction, Rampey was usurping, intruding into and unlawfully holding the office of mayor under Const. 1901, Art. IV, § 60 and Code 1975, § 36-2-1. Section 60 of the Constitution provides:
 No person convicted of embezzlement of the public money, perjury, or other infamous crime, shall be eligible to the legislature, or capable of holding any office of trust or profit in this state.
In pertinent parts, Code 1975, § 36-2-1, reads:
 (a) The following persons shall be ineligible to and disqualified from holding office under the authority of this state:
 (1) Those who are not qualified electors, except as otherwise expressly provided;
. . . .
 (3) Those who shall have been convicted of
treason, embezzlement of public funds, malfeasance in office, larceny, bribery or any other crime punishable by imprisonment in the state or federal penitentiary and those who are idiots or insane; [Emphasis added.]
Rampey's motion to dismiss the petition was granted and the trial court issued an order, the pertinent parts of which read:
 This cause coming on to be heard on the oral and written arguments of both parties on motion to dismiss heretofore filed by the Defendant, the Court has carefully considered the briefs and arguments of both parties and after due deliberation holds that in accordance with the definitions, as contained in the law dictionaries and the law that the violation of the State Ethics Law is not per se an infamous crime. The Court further finds that the State Ethics Law is a hybrid creature providing a maximum fine and sentence, but not a minimum. The Alabama Criminal Code states a felony as "an offense for which a sentence to a term of imprisonment in excess of one [year] is authorized by this Title." The Ethics law is not contained in the Criminal Code, but is a separate Section and Title of the Alabama Code. Therefore, this definition is not controlling in this *Page 825 
case and the Court must look elsewhere for an answer.
 Ordinarily and historically, a felony is one of which a sentence has been imposed of more than 1 year. The jury brought in a verdict of guilty and the Court imposed a fine of $5,000.00, but no jail or prison term was imposed, therefore, the Court holds the conviction of the Defendant as a misdemeanor.
 The Court, therefore, grants the Defendant's motion to dismiss these proceedings.
It is apparent that final judgment was grounded on the conclusion that a violation of § 36-25-5 (a) does not constitute commission of an infamous crime. The trial court's references to felony definitions relate to the State's arguments below that all felonies are infamous crimes.
No mention is made in the judgment of the State's alternative theory of disqualification under § 36-2-1. Similarly, Rampey's brief here devotes only one sentence to the issue, dismissing §36-2-1 as inapplicable because Rampey was eligible to hold office at the time of his election. Obviously, § 36-2-1
warranted closer scrutiny.
One convicted of a crime "punishable by imprisonment in the state or federal penitentiary" is "ineligible to and disqualified from holding office" under subsection (a)(3) of §36-2-1. It is Rampey's view that this provision pertains only to the qualifications of a candidate for public office or of an incumbent duly elected but who has not yet assumed office.
Rampey argues there are only three possible mechanisms by which an officeholder can be removed: (1) impeachment under §§ 173 and 175 of the Alabama Constitution; (2) sentence to imprisonment under Code 1975, § 36-9-2; and (3) ineligibility or incapacity under the provisions of § 60 of the Alabama Constitution.
He does not refute that quo warranto is a proper remedy for preventing one who fails to meet the qualifications of § 60 to assume office; but rather he contends, the qualifications of one to hold an office, duly elected and qualified at the time he assumed that office, may only be tested by that section of the Constitution.
However, initially it was made clear in Finklea v. Farish,160 Ala. 230, 49 So. 366 (1909), that the legislature has full authority to impose qualifications for public office in addition to those required by the Constitution.
Thereafter, in State ex rel. Coe v. Harrison, 217 Ala. 80,114 So. 905 (1927), this court held that a Dothan city councilman who was eligible to that office when elected but who failed to pay a poll tax while in office thereby vacated the office because of Code 1923, § 1761, which required every city councilman to be a qualified elector of the city in which he "shall have been elected." In so holding, the court stated:
 Appellee's view is that the section governs eligibility to office, but not the qualification of the councilman to continue to hold office, once he is elected and inducted into office according to law. We have been unable to accept that view.
Although § 1761 was not the same provision which we presently consider, it was construed in conjunction with Code 1923, § 2575, the precursor of Code 1975, § 36-2-1, to stand firmly for the proposition that an officeholder duly elected and inducted into office may become disqualified during his tenure, thereby vacating his office.
Such was the mandate of this court in State ex rel. Chambersv. Bates, 233 Ala. 251, 171 So. 370 (1936), where, in affirming the ouster of a Mobile city commissioner in a quo warranto proceeding, the court declared:
 But the Legislature cannot prescribe as a cause for removal any conduct or omission while in office, except such as is authorized by section 173 for impeachment, but may provide for removal by quo warranto, for something which renders him incapable of holding the office or ineligible to it. If the candidate or officeholder violates the Corrupt Practice Act in a way which makes him ineligible or disqualified, by its terms, he thus becomes a usurper or intruder, or unlawful *Page 826 
holder of the office, and may be removed by quo warranto. [Citation omitted and emphasis added.]
Similarly, interpreting the progenitor provision of Code 1975, § 36-9-2, in State ex rel. Moore v. Blake, 225 Ala. 124,142 So. 418 (1933), this court pronounced:
. . . We do not question the power of the Legislature to declare a public officer convicted by due process of law and sentenced to imprisonment ineligible to further hold the office, and to declare the office vacant unless and until the judgment of conviction is reversed and the sentence to imprisonment vacated. [Emphasis added.]
Although none of these decisions were primary interpretations of Code 1975, § 36-2-1, we think it abundantly clear from the language of those cases that a duly elected public official may vacate his office by statutory disqualification. This position is consistent with the generally accepted view that eligibility to public office is of a continuing nature and must exist at the commencement of the term and during the occupancy of the office. The fact that the candidate may have been qualified at the time of his election is not sufficient to entitle him to hold the office, if during the continuance of his or her incumbency, he or she ceases to be qualified. 63 Am.Jur.2dPublic Officers and Employees § 42 (1972); Annot. 88 A.L.R. § 12 (1934).
Furthermore, we think the natural import of the language of §36-2-1 is harmonious with this generally accepted view and with the cases discussed above. Accordingly, we hold that one may become "ineligible to or disqualified from holding office under the authority of this state", by virtue of § 36-2-1, during the term of office, even though duly elected and qualified at the time of assuming office.
The remaining issue is whether Rampey's conviction for violation of § 36-25-5 (a), constitutes conviction of a "crime punishable by imprisonment in the state or federal penitentiary" within the terms of subsection (a)(3) of §36-2-1. The legislature's use of the term "punishable" directs our inquiry to the maximum punishment which Rampey could have
received upon his conviction for violation of § 36-25-5 (a), rather than the actual punishment meted out to him.
As mentioned, although Rampey was only fined, in the amount of $5000, any person found guilty of violating the Code of Ethics for Public Officials, Employees, and others, is subject to a possible punishment of a $10,000 fine and 10 years imprisonment under the provisions of § 36-25-27 (a). Additionally, any sentence of imprisonment for more than three years must be served in the penitentiary. Code 1975, § 15-18-1. Consequently, Rampey's conviction for violation of § 36-25-5
(a) was a crime punishable by imprisonment in the state penitentiary within the meaning of § 36-2-1 (a)(3), and operated to disqualify him from office under that code provision.
Having determined, from our examination of § 36-2-1 (a)(3), that the trial court erred in granting Rampey's motion to dismiss the petition for quo warranto, we do not find it necessary to consider whether a violation of § 36-25-5 (a) is an infamous crime within the meaning of § 60 of the Constitution.
Also, we need not address the State's contention that Rampey was disqualified from office under subsection (a)(1) of §36-2-1, as a person who is not a qualified elector, after he was disqualified as an elector under § 17-3-3, because of his conviction. However, we are compelled to note that § 17-3-3 was repealed by the legislature in 1978, long before these proceedings were initiated and appellate briefs written.
The judgment of the trial court granting the motion to dismiss is reversed and this cause is remanded for further proceedings consistent with this opinion. Taking judicial notice of the fact that Rampey's conviction, which serves as the basis of this action, is presently on appeal before the Court of Criminal Appeals, we suggest the trial court take that fact into consideration in determining when to go forward with further proceedings in this case.
REVERSED AND REMANDED. *Page 827 
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.