The sole issue raised in this appeal is whether, in light of the new Judicial Article, the Circuit Court of Mobile County, Alabama, had jurisdiction to remove appellant, James D. Sullivan, from office pursuant to the Attorney General's petition for writ of quo warranto. Appellant contends the new Judicial Article vests in the Judicial Inquiry Commission and the Court of the Judiciary the exclusive jurisdiction to remove sitting judges from office and that the trial court erred in denying appellant's motion to dismiss and in issuing the writ of quo warranto removing appellant from office.
Appellant was sworn in as a judge in the District Court of Mobile County, Alabama, in December of 1980. He was qualified to hold office at that time.
In the fall of 1983, Sullivan was indicted by a federal grand jury and charged in two counts with a violation of the RICO statute and a conspiracy to violate it. In March of 1984, a jury returned a verdict of guilty on both counts. In May of that same year, appellant was sentenced to concurrent twenty-year prison terms on counts one and two of the federal indictment under which he had been convicted. After sentencing, Sullivan's judicial office was automatically vacated, pursuant to Code 1975, § 36-9-2. That section provides as follows:
 "When any person holding any office or place under the authority of this state is sentenced by any court of the United States, of this state or of any other state to imprisonment in the penitentiary or hard labor for the county, his office or place shall be vacated from the time of the sentence. If the judgment is reversed, he shall be restored to office; but, if pardoned, he shall not be restored to office."
Subsequent to Sullivan's conviction, and prior to the imposition of a sentence, the Attorney General filed a petition for writ of quo warranto in the Circuit Court of Mobile County, seeking to have Sullivan removed from office. Before the hearing on the petition commenced, appellant, through counsel, specially appeared for the purpose of contesting the jurisdiction of the circuit court to remove him from office, and in support of his position, appellant filed a motion to dismiss, alleging that Amendment 328 to the Constitution of Alabama, more commonly referred to as the Judicial Article, provided the only method by which a sitting judge could be removed from office.
The trial court denied Sullivan's motion and granted the Attorney General's petition. Sullivan appealed to this court.
First, we note that it is clear James Sullivan was, after conviction by a jury of a *Page 972 
crime punishable by imprisonment in the federal penitentiary, disqualified to hold office under the authority of the State of Alabama. Article IV, Section 60, of the Alabama Constitution of 1901 states:
 "No person convicted of embezzlement of the public money, bribery, perjury, or other infamous crime, shall be eligible to the legislature, or capable of holding any office of trust or profit in this state." (Emphasis added.)
Section 36-2-1, Code 1975, states:
 "(a) The following persons shall be ineligible to and disqualified from holding office under the authority of this state:
". . .
 "(3) Those who shall have been convicted of treason, embezzlement of public funds, malfeasance in office, larceny, bribery or any other crime punishable by imprisonment in the state or federal penitentiary and those who are idiots or insane;" (Emphasis added.)
Furthermore, the writ of quo warranto was, under these circumstances, a proper procedure to test Sullivan's qualifications to hold office. Historically, the writ of quowarranto has been proper to challenge qualifications and eligibility to hold public office. See State ex rel. Graddickv. Rampey, 407 So.2d 823 (Ala. 1981); Akers v. State ex rel.Witcher, 283 Ala. 248, 215 So.2d 578 (1968); State ex rel.Norrell v. Key, 276 Ala. 524, 165 So.2d 76 (1964); and State exrel. McIntyre v. McEachern, 231 Ala. 609, 166 So. 36 (1936).
The distinction between the use of the writ and an affirmative removal of a public official for cause was noted by this court in State ex rel. Chambers v. Bates, 233 Ala. 251,254, 171 So. 370 (1936):
 "But the Legislature cannot prescribe as a cause for removal any conduct or omission while in office, except such as is authorized by section 173 for impeachment, but may provide for removal by quo warranto, for something which renders him incapable of holding the office or ineligible to it. If the candidate or officeholder violates the Corrupt Practice Act in a way which makes him ineligible or disqualified, by its terms, he thus becomes a usurper or intruder, or unlawful holder of the office, and may be removed by quo warranto." (Citation omitted and emphasis added.)
In Opinion of the Justices, 359 So.2d 1155, 1157-1158 (Ala. 1978), the distinctions between ineligibility to hold public office and impeachment were clarified as follows:
 "In light of these principles, it is clear that section 60 and section 36-9-2 have a field of operation wholly apart from the provisions for impeachment of the state treasurer, as well as certain other constitutional officers, found in section 173 of the Constitution. Section 60 provides the constitutional sanction of ineligibility to hold public office on account of conviction of an infamous crime. Section 36-9-2, as it relates to section 60, was enacted in harmony therewith, and in furtherance thereof, by providing that upon sentencing to imprisonment in the penitentiary, the office be vacated. However, section 173 looks to a removal by impeachment of the officer for prescribed acts or omissions while lawfully holding the office. We note that section 176 of the Constitution, as to impeachment of public officers under the preceding sections 173, 174 and 175, does not extend beyond removal from office for the term, and recognizes that such officer is also liable to criminal prosecution as prescribed by law." (Emphasis added.)
The writ is appropriately utilized to test whether a person is lawfully holding office. It is not a proper remedy for removal of a judge for inappropriate acts or omissions whilelawfully holding office.
In 1972, Amendment 317 to the Alabama Constitution was ratified. That amendment set up a Judicial Commission which was empowered to investigate judges and make recommendations to the Supreme Court regarding, among other things, removal of judges from office. *Page 973 
In 1973, Amendment 328 to the Constitution, commonly referred to as the new Judicial Article, was ratified. This amendment repealed Amendment 317 and set out procedures by which judges could be removed from office. It established a Judicial Inquiry Commission which was given the authority to conduct investigations, receive or initiate complaints concerning any judge, and file complaints with the Court of the Judiciary. Const. of Ala., Amend. 328, § 6.17 (b). Also established under Amendment 328 was the Court of the Judiciary, which has the authority to remove any judge from office. Const. of Ala., Amend. 328, § 6.18 (a). Neither of these Amendments indicate they vest exclusive jurisdiction in these bodies to remove sitting judges from office. Appellant has urged this court to recognize that it was the Legislature's intent that the Court of the Judiciary have exclusive authority to remove a judge from office.
In determining legislative intent, statutes are, where possible, construed in harmony with statutes existing at the time of enactment, so that each is afforded a field of operation. Waters v. City of Birmingham, 282 Ala. 104,209 So.2d 388 (1968).
There is no conflict between Code 1975, § 6-6-591, and the new Judicial Article such that these remedies cannot operate harmoniously and independently.
Therefore, because James D. Sullivan was, upon conviction by a jury of a crime punishable by imprisonment in the federal penitentiary, disqualified to hold public office in the State of Alabama, and because the petition for writ of quo warranto
was an appropriate procedure to test whether Sullivan was, after conviction, lawfully holding public office, we affirm the trial court's denial of appellant's motion to dismiss this cause and that court's issuance of the writ of quo warranto.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.