PER CURIAM.
On October 3, 1988, the State of Alabama, through its attorney general, Don Siegelman, filed with the Circuit Court of Montgomery County a petition for the writ of quo warranto. The petition set out the facts surrounding the indictment and trial, in federal district court, of State Representative Thomas Reed on charges of interference with commerce by threats or violence (racketeering) in violation of 18 U.S.C. § 1951, and interstate travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952.
In its petition to the circuit court, the State claimed that because a jury had re *950 turned verdicts of guilty on both charges, under Alabama law “Thomas Reed has been convicted” of these charges during his term in office. The petition concluded:
“WHEREFORE, THESE PREMISES CONSIDERED, the State of Alabama prays that this Court will issue an Order directing the issuance of a Writ of Quo Warranto and that upon hearing the Writ the Court will issue a decree declaring the [office] of Representative, House of Representatives, State of Alabama, District 82 (Bullock and Macon Counties, Alabama), vacant and enjoining Thomas Reed from usurping, intruding into, and unlawfully holding the office of Representative, House of Representatives, State of Alabama, District 82 (Bullock and Macon Counties, Alabama), and grant such other relief as may be considered appropriate.”
The trial court’s order, entered after a hearing in which all parties participated, reads as follows:
“ORDER
“This action having come before the Court on the Petition for Writ of Quo Warranto filed by the Attorney General for the State of Alabama requesting that the Court enter an order removing Representative Thomas Reed from holding office in the Alabama State Legislature based on his conviction of two (2) felony charges in the U.S. District Court for the Middle District of the State of Alabama on September 30, 1988.
“The defendant has filed an Answer and Motion to Dismiss challenging the timing of the Writ arguing essentially that the law of the State of Alabama does not require Representative Reed to vacate his legislative seat under Quo Warranto procedure prior to sentencing.
“The Court having set the action for hearing and all parties having appeared with their respective attorneys and the Court having taken testimony and heard legal arguments advanced by each party, enters the following Findings of Fact and Order:
“1. This Court has jurisdiction over this action.
“2. The Writ of Quo Warranto is appropriate procedure to be utilized by the Attorney General of the State of Alabama to test an elected official’s lawful status upon conviction of the crimes that are the subject of this action.
“3. The Court finds that the issues raised in this action have been decided by the Supreme Court of Alabama as long ago as 1933 in State ex rel. Moore v. Blake, 225 Ala. 124, 142 So.2d 418 [142 So. 418] (1933) [1932], In Moore, the Court stated: ‘We do not question the power of the Legislature to declare a public officer convicted by due process of law and sentenced to imprisonment ineligible to further hold the office, and to declare the office vacant unless and until the judgment of conviction is reversed and the sentence to imprisonment vacated.’ [Emphasis supplied by trial court.]
“Recently, the Supreme Court of Alabama has had to decide the same issues. In Opinion of the Justices, 359 So.2d 1155 (Ala.1978), the Court stated that Ala.Code 1975, § 36-9-2, as it relates to Section 60 of the Constitution of Alabama, was enacted in harmony therewith, and in furtherance thereof, by providing that, upon sentencing to imprisonment in the penitentiary, the office [is to be] vacated. Similarly, in State ex rel. Graddick v. Rampey, 407 So.2d 823 (Ala.1981), the Court took notice of the importance of sentencing in this type of action when it, in reversing the trial court’s dismissal of a Quo Warranto action, suggested that the Court take into consideration that Rampey’s conviction was not on appeal in going forward with further proceedings. There are a legion of other cases from Alabama’s Supreme Court and other states’ highest courts that support the argument that sentencing is important in ousting a public official. See Ex parte Alabama State Bar, 285 Ala. 191, 230 So.2d 519 (1970); and People ex rel. Grogan v. Lisenski, 113 Ill.App.3d 276, [68 Ill.Dec. 854] 446 N.E. 2d 1251 (1983).
*951 “The Court finds no distinction between the foregoing authorities and the Reed case.
“Thus, this Court holds and Orders that Representative Reed is to vacate his office in the State Legislature at the time of sentencing by the Honorable Joel Dubina, U.S. District Judge for the Middle District Court of the State of Alabama. The Attorney General of Alabama is instructed to prepare an ORDER of Ouster, effective the day Representative Reed is sentenced.
“DONE this 24th day of October, 1988. “/s/_
“CHARLES PRICE, Circuit Judge”
On the same date as the entry of the circuit court’s order, the State filed its notice of appeal to this Court. The following day, the State filed with this Court a petition for a writ of mandamus directing the circuit court to order the immediate ouster of Thomas Reed from public office, claiming that the circuit court’s ruling that Reed was to vacate his office upon sentencing in federal court was contrary to this Court’s opinion in Sullivan v. State ex rel. Attorney General, 472 So.2d 970 (Ala.1985); Article IV, Section 60, of the Constitution of Alabama; and Ala.Code 1975,' §§ 6-6-591 and 36-2-1. We need not, however, address these issues raised by the State’s petition and appeal.
BECAUSE the Honorable Charles Price, Circuit Judge for the Montgomery County Circuit Court, in his order dated October 24,1988, specifically held that Alabama law requires the sentencing of a public official convicted of a felony as a prerequisite to ouster of that official from office; and
BECAUSE the effectiveness of that order was specifically conditioned upon the sentencing of Thomas Reed in federal court; and
BECAUSE the Honorable Joel F. Dubi-na, U.S. District Judge for the Middle District of Alabama, entered his order of sentence in the federal trial of Thomas Reed on November 18, 1988;
THEREFORE, the order of the Circuit Court of Montgomery County is valid and binding upon the parties to these actions, and this appeal and this petition for mandamus are hereby dismissed as moot.
APPEAL AND PETITION DISMISSED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.