KENNEDY, Justice.
The issue in this case is whether the Talladega County Circuit Court has jurisdiction over the impeachment of Probate Judge Derrell R. Hann, who serves ex offi-cio as chairman of the Talladega County Commission, for acts relating to his duties as commission chairman.
On June 11, 1991, the district attorney filed an “Information for Impeachment” and a “Prayer for Ouster” of Hann in the Talladega County Circuit Court. The allegations contained therein charged acts of moral turpitude and willful neglect of duties as chairman of the county commission.
Hann filed a motion to dismiss the information and a motion for a continuance. The trial court denied the motion to dismiss and granted the continuance. Hann then filed in this Court a petition for a writ of mandamus or, in the alternative, a writ of prohibition.
Hann argues that the circuit court does not have jurisdiction because probate judges are part of the unified judicial system and are subject to the jurisdiction of the Judicial Inquiry Commission (“JIC”) and the Court of the Judiciary. Although the State previously argued that the circuit court had jurisdiction over Hann, it now suggests that the JIC and the Court of the Judiciary have exclusive jurisdiction over the impeachment proceedings against Hann. We agree with both Hann and the State.
In 1973, the Legislature adopted Amendment 328 to the Alabama Constitution of 1901. Amendment 328 established a unified judicial system whereby all judges, including probate judges, are subject to uniform rules.
Amendment 328 established the JIC and the Court of the Judiciary to address alleged judicial misconduct. The JIC has the authority to file a complaint with the Court of the Judiciary if a reasonable basis exists “(1) to charge a judge with violation of any canon of judicial ethics, misconduct in office, failure to perform his duties, or (2) to charge that the judge is physically or mentally unable to perform his duties.” Const, of Ala., Amend. 328, § 6.17(b). The Court of the Judiciary has the authority, after hearing complaints filed by the JIC, “(1) to remove from office, suspend without pay, or censure a judge, or apply such sanction as may be prescribed by law, for violation of a canon of judicial ethics, misconduct in office, failure to perform his duties, or (2) to suspend with or without pay, or to retire a judge who is physically or mentally unable to perform his duties.” Const, of Ala., Amend. 328, § 6.18(a).
In Sullivan v. State ex rel. Atty. Gen. of Ala., 472 So.2d 970 (Ala.1985), this Court addressed whether the JIC and the Court of the Judiciary had exclusive jurisdiction to remove sitting judges from office. In Sullivan, the defendant was a district court judge who had been found guilty in federal court of violating the RICO statute. Before the defendant was sentenced, the district attorney filed a petition for a writ of quo warranto in the circuit court, seeking to have him removed from office for violating § 36-2-1, Ala. Code 1975. Section 36-2-1 provides that a public official cannot hold office after having been convicted of a crime punishable by imprisonment in a federal penitentiary. The Court held that the writ of quo warranto was the proper way to test whether a person is lawfully holding office and, therefore, that the circuit court had jurisdiction. However, the Court stated that the writ was not thé proper remedy for removing a judge for inappropriate acts or omissions while lawfully holding office.
In the instant case, the district attorney was attempting to remove Hann from office for inappropriate acts or omissions while Hann was lawfully holding of *579 fice. The circuit court could not be the proper jurisdiction, because the allegations against Hann concern alleged acts committed while he was legally eligible and qualified to hold office. Although the allegations involve acts relating to his duties as chairman of the county commission, Hann is chairman solely by virtue of being probate judge. The two offices cannot be separated for purposes of impeachment for improper acts while legally holding office.
Applying the standards for judges in Amendment 328, we conclude that the allegations against Hann are exclusively within the jurisdiction of the JIC.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.